[No. 2488.  Decided July 29, 1897.]

THE H. C. MAHRT CO., *Appellant*, v. HYMAN–HALL CO.,
*Respondent*.

INSUFFICIENCY OF EVIDENCE — POWERS OF AGENTS — EVIDENCE.

Where the testimony is conflicting, the verdict of the jury will
not be disturbed unless there was error in the admission or re-
jection of testimony.

For the purpose of establishing agency, evidence is admissible
tending to show that one charged with entering into a contract
as the agent of another, in the sale of goods, had made like con-
tracts with other customers.

Appeal from Superior Court, King County.—Hon.
RICHARD OSBORN, Judge.  Affirmed.

*McClure & Bass*, for appellant.
*McCutcheon & Gilliam*, for respondent.

The opinion of the court was delivered by

REAVIS, J.—Appellant commenced an action in the su-
perior court of King county to recover the sum of $691,
claimed as a balance due from respondent.  Respondent
answered admitting the indebtedness alleged by appellant,
but averred an accounting between appellant and respon-
dent, and also set up as a counterclaim a breach of con-
tract between appellant and respondent, and claimed dam-
ages in the sum of $1,000.

The appellant is a wholesale manufacturer and dealer
in cigars and tobacco at Dayton, Ohio, and respondent was a
broker and dealer in cigars in Seattle.  There was testimony
at the trial tending to prove that there were two contracts
between appellant and respondent, the first made in the sum-
mer of 1894 and the second March 23d, 1896, and that
both these contracts were made by respondent with E, B.

Gaze, an agent of appellant. The last contract was in writing. Substantially, these contracts were an engagement by appellant to sell respondent cigars at a certain price, and particularly a certain brand known as the " Waterloo," in western Washington, such sale of the " Waterloo " cigar to be made exclusively to respondent. About the quantity of cigars to be thus furnished by appellant to respondent was estimated, and under these contracts respondent was to bear a portion of the expense of advertising the particular cigars and push their sale in the district mentioned. Respondent did this and appellant furnished the cigars. But appellant also furnished the same cigars under another brand in the same district and respondent claimed it was damaged by this breach of contract and offered evidence tending to prove such damages; and appellant also refused to furnish cigars until the contract expired, for which damages were claimed. In the spring of 1896, E. B. Gaze, who had made the contracts with respondent and through whom the purchases of the cigars had first been made, made settlement with respondent of the claim of $691, and made various allowances, some for damages sustained by respondent for sale of cigars in the district which respondent claimed, and at such settlement took the notes of respondent for $500 and gave a receipt for the indebtedness claimed to be due from respondent to appellant. Appellant maintains that Gaze had no authority to make these settlements or to receive the notes of respondent in payment of any sum due appellant, or to make the last contract. But there was testimony tending to show that Gaze had the apparent authority to represent appellant in such a settlement. There was also testimony tending to prove that Gaze had authority to make the contracts for appellant which he made with respondent. There is much conflict in the testimony, particularly the conclusions

of the witnesses who testified, but the jury have found for the defendant upon the testimony, and their verdict will not be disturbed unless there was error in the admission or rejection of testimony. Many objections were made by appellant to the introduction of testimony tending to show that Gaze made contracts for appellant with other customers. This testimony was proper as tending to show acts on the part of appellant giving Gaze authority as an agent.

We have examined the instructions of the court to the jury and, without reviewing at length the exceptions made by appellant, we find no error in them. We think the case was fairly submitted to the jury, and its verdict is sustained by substantial testimony.

The judgment is affirmed.

Scott, C. J., and Anders, Gordon and Dunbar, JJ., concur.