[No. 19028. Department Two. February 20, 1925.]

## F. A. BEELER, *Respondent*, v. PACIFIC FRUIT AND PRODUCE COMPANY, *Appellant*.[1]

EVIDENCE—ADMISSIONS—TELEPHONE CONVERSATION.· Evidence of a conversation over the telephone is admissible against the defendant without identifying the voice of the party who answered the call, where such party assured plaintiff that it was defendant's place of business and gave information material to the issue.

PRINCIPAL AND AGENT (7)—RELATION—TESTIMONY OF AGENT. Proof of agency may be made by the direct testimony of the agent as to his authority to act as such.

EVIDENCE (130)—DOCUMENTARY EVIDENCE—LETTERS. A letter sent to defendant in compliance with an express request in a telephone conversation is admissible upon an issue as to making the claim set forth in the letter.

PRINCIPAL AND AGENT (6)—RELATION—EVIDENCE OF AGENCY—SIMILAR TRANSACTIONS. 'Upon an issue as to the authority of an agent to act for defendant, it is admissible to show that defendant employed him in similar transactions with others under similar conditions.

TRIAL (29)—SCOPE OF EVIDENCE—REBUTTAL. Error cannot be assigned on failure to properly confine answers strictly to rebuttal,

[1] Reported in 233 Pac. 4.

where the witness had difficulty in expressing himself in English, and the examination was confined as closely as could be under the circumstances.

SAME (101)—INSTRUCTIONS—REQUESTS. Error cannot be assigned upon the refusal of a requested instruction, where its substance was given in other instructions.

SAME (116)—INSTRUCTIONS—CONSTRUCTION OF CHARGE AS WHOLE. Instructions must be considered as a whole.

Appeal from a judgment of the superior court for King county, Smith, J., entered April 14, 1924, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

*Chriss A. Bell* and *C. A. Riddle,* for appellant.

*Geo. B. Cole* and *John Wesley Dolby,* for respondent.

MACKINTOSH, J.—The respondent owns a farm where, according to the statement in his brief, he grows "inter alia, peas and lettuce;" and having as he claims, sold these products to the appellant and not having been paid therefor, he began this action. Appellant's defense before the jury was that it had made no purchase from the respondent, but that the respondent had made the sale to a Japanese, who was doing business on his own account. The controversy thus hinged upon the question whether or not this Japanese was acting as the agent of the appellant. The jury determined the controversy by finding that the agency existed. The appeal raises several assignments of error:

(1) The respondent was allowed to testify as to certain telephone conversations with someone whom he supposed was in the appellant's office. Respondent could not identify the voice of the person with whom he talked, but the testimony shows that he obtained the appellant's telephone number from the directory, called that number, inquired for appellant, was an-

swered affirmatively that it was appellant's place of business and had a conversation in regard to the produce, in which he was told that the Japanse would be sent out to see him, and that thereafter the Japanese did come to his place of business. It would seem that, under such circumstances, the telephone conversations were properly admissible in evidence. It is not necessary that the voice of the party answering be identified, and it is only necessary, to render a telephone conversation admissible, that the same rule be applied to it as to the admission of oral statements made in ordinary conversations. *Young v. Seattle Transfer Co.,* 33 Wash. 225, 74 Pac. 375, 99 Am. St. 942, 63 L. R. A. 988; *Godair v. Ham National Bank,* 225 Ill. 572, and Jones on Telegraph and Telephone Companies (2d ed.), p. 892 *et seq.* This last authority states:

"Furthermore when a person is placed in telephonic connections with the place of business of one with whom he desires to converse, and is answered by some one assuming to be this person, it will be presumed that he is such person, although the former is not acquainted with his voice."

(2) It is objected that testimony was admitted from the Japanese as to his relationship with the appellant tending to show his authority to act as agent. While it is true that agency cannot be proved by the testimony of third parties as to the declarations of the agent made to them, the situation here is not that. Here the agent is testifying directly as to his authority, and we have heretofore held that such testimony is as admissible coming from the agent on the stand, as the contrary evidence would be from the principal as a witness. *Bender v. Ragan,* 53 Wash. 521, 102 Pac. 427; *Pacific Power & Light Co. v. White,* 104 Wash. 528, 177 Pac. 313.

(3)  Objection is made to the admission in evidence of a letter sent by the respondent to the appellant setting forth his claim. The testimony shows that this letter waś sent in compliance with the express request made in a telephonic conversation between the parties. We find no error in the admission of this exhibit.

(4)  The next assignment is that testimony was allowed to be introduced by a witness who had also dealt with the Japanese, tending to show that the appellant was the real purchaser of the produce. This testimony was relevant and proper as tending to establish the agency of the Japanese. If in similar transactions the appellant had employed the Japanese as its agent, the testimony is proper as tending to show that, under similar conditions, the appellant was employing that person as an agent in its dealings with the respondent. *Mahrt Co. v. Hyman-Hall Co.*, 17 Wash. 415, 49 Pac. 1063.

(5)  In rebuttal the Japanese was called to testify as to his relationship with the appellant, and objection is made that some of his testimony is not proper rebuttal. It is true that this witness, on account of his difficulty in expressing himself in our tongue, made some answers that were not strictly confined to rebuttal, but under the circumstances the trial court, in the exercise of a wise discretion, confined the examination as closely as could be to the matter in hand, and we find no error in this regard justifying a new trial.

(6)  It is asserted that error was made in refusing to give an instruction to the effect that the respondent, in dealing with the Japanese as an assumed agent, was put upon his guard by that fact and did so at his own risk. The substance of this requested instruction was given by the court in one of its instructions where it said that a person dealing with one supposed to be

an agent is bound at his peril to see that the agent has authority to bind his principal.

(7)    Error is predicated upon the giving of an instruction to the effect that, if the transaction amounted to a sale, plaintiff should recover, but if it amounted to a consignment, the victory should be to the defendant. This alleged erroneous instruction is a portion of a sentence selected from an elaborate instruction covering the distinction between sales and consignments, setting out what the respondent's interpretation of the relationship was and placing the burden upon him to prove his case. The instruction, taken as a whole, properly stated the law, and it was as a whole that the jury must have considered it.

(8)    It is finally urged that there is no evidence in the case justifying the jury in finding that the agency existed. Not only did the Japanese testify to the facts establishing the agency, but there are many facts and circumstances appearing in the oral testimony and written exhibits that strongly tend to establish the agency and fully warranted the jury in arriving at the determination to which it came.

The trial was properly conducted, the verdict was justified, and the judgment is affirmed.

TOLMAN, C. J., HOLCOMB, MITCHELL, and FULLERTON, JJ., concur.