## ANDREWS v. UNITED STATES.
### No. 1198.

Circuit Court of Appeals, Tenth Circuit.

June 18, 1935.

Enos E. Hook, of Wichita, Kan. (E. A. Rogers, of Salt Lake City, Utah, on the brief), for appellant.

John S. Boyden, Asst. U. S. Atty., of Salt Lake City, Utah (Dan B. Shields, U. S. Atty., and Scott M. Matheson, Asst. U. S. Atty., both of Salt Lake City, Utah, on the brief), for the United States.

Before LEWIS, McDERMOTT, and BRATTON, Circuit Judges.

BRATTON, Circuit Judge.

This is a prosecution for use of the mails in furtherance of a scheme to defraud in violation of section 215 of the Criminal Code (18 USCA § 338). The scheme laid in the indictment was to represent to persons by means of letters, circulars, pamphlets, telephone, and other conversations that appellant was and had been since 1910 a responsible and reputable statistician; that he was a responsible investment counsel engaged in business at Salt Lake City, Utah; that he could and

would counsel and advise such persons with respect to the purchase and sale of stocks and securities; that, if they would accept the information which he furnished and would follow his advice, they would make unusual profits in stocks and bonds; that he would watch their accounts and protect their interests at all times and would exact for all of such service only the regulated stock exchange charges; that stock in Cedar Extension Mining Company could be purchased through him for 20 cents per share; that it was a profitable investment; that it would rise rapidly in price; that it could soon be sold through him for $1 per share or more; that money had been deposited in escrow in banks by others with which to buy at $1 per share all of the stock he was then offering such persons and was advising them to purchase; that all of such statements and representations were false; that in fact he owned the stock being offered for sale; that he purchased it at 3 cents per share; that it did not sell on the market for 20 cents per share or for any other sum; that it had very little intrinsic value; that it would not and could not advance in price unless he arbitrarily advanced the price of his own stock; that it could not and would not sell for $1 per share; that no money had been deposited in escrow in banks by third persons with which to purchase it at $1 per share or at any other price. It was charged by separate counts that eight different letters and written communications were sent through the mails in furtherance of the artifice to defraud. Conviction was had on all counts with provision that the several sentences should run concurrently.

■ The action of the trial court in admitting the testimony of several investors that appellant told them over long-distance telephone that money had been deposited in escrow in banks by third persons with which to purchase at $1 per share the stock which he was then urging such investors to buy or to complete payment of the purchase price is questioned. It is contended that the court should have heard the testimony in a preliminary way and, if satisfied that appellant had the conversations, admit the testimony and submit the question of identity to the jury. That course was not suggested to the trial court in any form. It is presented here for the first time. For that reason alone the contention is not reviewable. But passing the procedural feature of the matter and addressing ourselves to its merits, in order to render testimony detailing a telephone conversation competent, it is necessary to supply some evidence of the identity of the person with whom the conversation is alleged to have been had. However, recognition of the voice is not necessary to such identity. Like any other ordinary fact, it may be established by direct evidence or by circumstances. The record of the telephone company introduced in evidence showed that long-distance calls were placed and conversations had from the office of appellant with the persons at about the respective times which they fixed in their testimony; and receipts for money and correspondence subsequently passing between the parties indicate strongly that it was appellant who had the conversations concerning which the witnesses testified. That evidence supplied the required foundation for the introduction of the challenged testimony. Robilio v. United States (C. C. A.) 291 F. 975; United States v. Frankel (C. C. A.) 65 F.(2d) 285; Young v. Seattle Transfer Co., 33 Wash. 225, 74 P. 375, 63 L. R. A. 988, 99 Am. St. Rep. 942; State v. Peterson, 109 Wash. 25, 186 P. 264, 8 A. L. R. 652; Beeler v. Pacific Fruit & Produce Co., 133 Wash. 116, 233 P. 4; People v. Powloski, 311 Ill. 284, 142 N. E. 551; State v. Silverman (Or.) 36 P.(2d) 342.

■ The evidence respecting an account at First Security Trust Company of Salt Lake City carried in the name of B. Hooper, was met by objection and by motion to strike on the grounds that it was incompetent, immaterial, irrelevant, and hearsay because appellant was not connected with such account. The account was opened May 9 and closed September 29, 1933; and the sums deposited in it totaled $81,701.55. B. Hooper was then secretary to appellant, and at the time of the trial she was his wife. It was shown by independent testimony that the account of appellant was carried in the name of B. Hooper; that money received and disbursed in the conduct of the business in question passed through it, and certain entries made in the records of the bank in connection with it showed receipt of remittances from certain of the investors named in the indictment. Manifestly the evidence was competent and material; and the contention that it was hearsay has no support because appellant was directly connected with the account.

■ Finally, our attention is directed to the testimony with respect to appellant's long-

276

distance telephone account from July 21 to September 6, 1933 in the approximate sum of $7,200. By failing to object in any form at the time that testimony was tendered and admitted, the right to now question its admissibility was waived, and, in the absence of a plain showing of serious prejudice, the point cannot be considered.

The trial proceedings bear no reversible error, and the judgment is affirmed.