**UNITED STATES v. FLEMING et al.**

No. 207.

Circuit Court of Appeals, Second Circuit.

March 31, 1943.

David Haar, of New York City (Leonard Mook, of New York City, on the brief), for defendant-appellant.

Mathias F. Correa, U. S. Atty., of New York City (Joseph Brandwen, of New York City, of counsel), for appellee.

Before L. HAND, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

Prosecution of appellant and five other defendants was begun on information. The information alleged that "the defendants, Albert Mook, Morris Mook, Joseph Mook and Max Mook, were copartners doing business under the style and trade-name of Mook Brothers, with office and principal place of business" in New York City; that "said defendants * * *, copartners as aforesaid," had delivered and caused to be delivered, for transportation, to Baltimore, Maryland, to Tri-City Freight Lines, Inc., a corporation engaged as a common carrier by motor vehicle in interstate commerce and subject to 49 U.S.C.A. Chapter 8, § 301 et seq., the Motor Carrier Act of 1935, and said corporation had thus delivered certain articles; that those defendants "unlawfully did knowingly solicit, accept and receive from said common carrier a concession" of a designated sum, for such transportation, below the published rates; that appellant, "agent, to wit, shipping clerk of said Albert Mook, Morris Mook, Joseph Mook and Max Mook, copartners as aforesaid, * * * unlawfully did knowingly" aid and abet those defendants, "copartners as aforesaid," to commit a violation of the Act.[1]

Before the trial, the government severed as to Max Mook. The other defendants, with their consent, were tried without a jury. The judge found Morris Mook and Joseph Mook not guilty, but found Albert Mook and appellant guilty. Albert Mook was fined $50 on each of twenty counts or $1000 plus costs. Sentence as to appellant was suspended, with probation of one day subject to the standing probation order of the district court.[2] Albert Mook and appellant filed a notice of appeal. Pending the appeal, Albert Mook died. On motion of the government, we dismissed the appeal of Albert Mook because of his death and that of appellant because, absent sentence, there was no appealable order as to him. See United States v. Mook, 2 Cir., 125 F.2d 706. We there said that if appellant desired to have us review the judgment, he could "apply for sentence and suspension of execution." Appellant took that hint and, on his motion, the district court entered a resettled judgment imposing on him a fine of $1, but staying execution until further order of that court. The case is before us on appeal from that judgment.

1. Appellant argues, as follows, that there was a fatal variance between the allegations of the information and the proof: Mook Brothers, a partnership, was charged with violating the Act, and appellant merely as an agent of that entity; that Act refers to any "person" and defines "person" so as to include inter alia any "individual" or "copartnership"; the trial court, by finding only one of the partners guilty, acquitted the partnership; therefore appellant could not be guilty as charged. We cannot agree. We assume, purely arguendo, that a partnership, as an entity, could validly be held for violation of the Act, and (although the assumption is most highly questionable) that, had Mook Brothers, as an entity, been charged with crime, the variance would have been fatal. But here it was the several Mooks, as individu-

[1] § 317 requires every common carrier by motor to file with the Commission, and to keep open for public inspection, tariffs showing its interstate rates, and that no such carrier shall collect rates less than those stated in such tariffs. § 322(a) provides that any person knowingly and wilfully violating any provision of the Act shall, upon conviction, be fined not more than $100 for each offense. § 322(c) provides that any person, including an employee or agent, who shall "knowingly and willfully assist" any person to obtain transportation for less than the applicable rate shall be deemed guilty of a misdemeanor and upon conviction shall be fined not more than $500.

[2] That order provided certain conditions of probation, and upon violation of any condition, the probation might be revoked.

al "defendants," who were charged; the reference to them as "copartners" doing business under the name of Mook Brothers was merely a description; each of the Mooks was severally charged with violating the Act. Accordingly, if any one of those defendants was guilty and if appellant knowingly aided and abetted him, appellant was guilty as charged.

2. Appellant does not dispute the fact that the Mooks paid Tri-City for interstate shipments at the rate of 35 cents and that the published lawful rate was 64 cents. But appellant insists that there was no valid proof of the required scienter on the part of Albert Mook and appellant.

Dooley, New York manager of the carrier (the principal office of which was at Baltimore), testified that, before any shipments were made, he had a telephone conversation with a man who said he was Albert Mook. Dooley told him that the "lawful Interstate Commission rate" was 64 cents; Mook said he could not afford to pay more than 35 cents; Dooley replied that he could not charge 35 cents without the approval of the carrier's president, Seitz. Dooley further testified that he then communicated with Mr. Seitz, in Baltimore, by teletype, who, by teletype, instructed him to say that shipments would be billed at the legal rate but that there would be an adjustment in Baltimore to the requested 35-cent rate; Dooley then phoned someone who said he was Albert Mook and conveyed to him Mr. Seitz' message. Counsel for the defendants objected to the testimony as to the teletype messages on the ground that it was "not binding on the defendants," but the judge said he would admit it "and see how it is connected." Dooley then identified certain exhibits as the teletype messages. The government then offered those exhibits in evidence and they were admitted without objection. The evidence showed that, subsequent to the time when these telephone and teletype conversations were said by Dooley to have occurred, shipments were made by Mook Brothers via Tri-City; that Tri-City billed the Mooks at the rate of 65 cents; that Mook Brothers paid the bills at 35 cents,

referring specifically to Tri-City's invoice numbers which stated the charges at 64 cents; and that adjustments were made in Baltimore. Albert Mook, in his testimony, denied that he had had any such phone conversations, said that he had never paid any attention to freight rates, and that he was unaware that the rates were within the jurisdiction of the Interstate Commerce Commission. Fleming testified that he was the Mooks' shipping clerk; that he had been instructed by Albert Mook to ship certain goods from New York to Baltimore by Tri-City; had arranged with an employee of that carrier to make those shipments, and was told by him that the rate would be 35 cents; that when bills were received from Tri-City at the 64-cent rate, he had told the Mooks' bookkeeper that "there is something wrong here and straighten it out"; that he did not know that either railroad or motor carrier rates were governmentally regulated, although he had shipped goods for the Mooks extensively in interstate commerce.

The judge, in an opinion, said that Albert Mook "upon vital matters was evasive and untruthful" and that he disbelieved Fleming especially because of his statement that he was unaware that even interstate railroad rates were governmentally regulated.

We can find no reversible error. The teletype messages were hearsay, but, as no objection was made to their admission, appellant cannot here urge that it was error to let them in or for the trial judge to consider them. The testimony as to the identity of Albert Mook as the person to whom Dooley talked on the phone, taken together with the events subsequently occurring, was sufficient to make the testimony of the phone conversations admissible;[3] the credibility and weight of that evidence were, of course, for the trial judge. And so, too, as to the credibility of the testimony of Albert Mook and appellant. On such a record, we cannot possibly say that the trial judge erred in finding guilty knowledge on the part of Albert Mook, as principal, and of appellant as one aiding and abetting him.

Affirmed.

3 Van Riper v. United States, 2 Cir., 13 F.2d 961, 968; Jarvis v. United States, 1 Cir., 90 F.2d 243, 245; Andrews v. United States, 10 Cir., 78 F.2d 274, 105 A.L.R. 322; Robilio v. United States, 6 Cir., 291 F. 975, 982; Wigmore, Evidence, 3d Ed., § 2155.