Lawrence W. PEDEN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 12479.

United States Court of Appeals District of Columbia Circuit.

Argued March 14, 1955.

Decided April 28, 1955.

---

Mr. Jerome H. Heckman, Washington, D. C., with whom Mr. Thomas H. Wall, Washington, D. C. (both appointed by this Court), was on the brief for appellant.

Mr. John D. Lane, Asst. U. S. Atty., with whom Mr. Leo A. Rover, U. S. Atty., and Mr. Lewis Carroll, Asst. U. S. Atty., were on the brief, for appellee. Mr. Samuel J. L'Hommedieu, Jr., Asst. U. S. Atty., also entered an appearance for appellee.

Before EDGERTON, PRETTYMAN and WASHINGTON, Circuit Judges.

PRETTYMAN, Circuit Judge.

■ Appellant was indicted, tried and convicted for narcotics violations.[1] He alleges errors in three respects. The first and principal point relates to a remark made by the prosecuting attorney in his summation to the jury. The accused was arrested after he had allegedly made a sale of narcotics to an informer who had been supplied with marked money. The arrest was made in a little house, or shack, on a used-car lot. Three police officers participated and were present when the arrest was made. Officer Holcomb testified:

> "In our first conversation with the defendant, he stated 'Well, I guess you got me.'
>
> \* \* \* \* \* \*
>
> "He stated 'Well, I guess you got me.' Then he said, he further stated that 'The bitch made a buy off of me.'
>
> \* \* \* \* \* \*
>
> "After more questioning, and the examination of the money with the fluorescent light, the defendant denied that he had made a sale to Miss Martelly. He would only state she owed him some money and she came down there to pay him the money."

Another of the officers testified briefly as to the arrest, without relating the conversation, and the third officer was not called. In his argument to the jury the prosecuting attorney said:

> "What did he say when he was arrested? Holcomb told you he said words to the effect that he was in for it; that this so and so made a buy off of him. And then afterwards he made a denial, taking an inconsistent position. Both of them can't be true. And it is uncontradicted, the statement of what the officer said."[2]

Appellant says the reference of the prosecutor to an uncontradicted statement of the police officer is an impingement upon his Fifth Amendment right not to testify against himself.[3] He relies upon a rule that, if testimony could have been contradicted by the accused alone, refer-

---

1. Int.Rev.Code of 1939, §§ 2553(a), 2554 (a), 26 U.S.C.A. (now Int.Rev.Code of 1954, §§ 4704, 4705, 4723, 68A Stat. 550–1, 555).

2. The prosecutor also used the word "uncontradicted" in another context even more remote from present relevance.

3. He also makes reference to rights under 18 U.S.C. § 3481, but that statute is merely ancillary to the Fifth Amendment.

ence to such testimony as uncontradicted is a prejudicial comment upon the failure of the defendant to take the stand.[4] But that is not the factual situation here. Three officers were present, and the statement of the one could have been contradicted by either or both of the other two.[5] Moreover the court gave a very careful charge in respect to the matter. The trial judge told the jury specifically that they were to draw no inferences from the defendant's failure to take the stand and that they should not construe the prosecutor's remarks as having any reference whatever to his not taking the stand. Furthermore the prosecutor did not tell the jury the confession was uncontradicted. The police officer related both the confession and a denial by Peden. The prosecutor told the jury the officer's statement, which included the denial as well as the confession, was uncontradicted. We think Peden's Fifth Amendment rights were not invaded. Judge Edgerton concurs in the result on this point because of the clear and accurate charge of the trial judge to the jury.

 Appellant urges error in the admission of an exhibit (the vial of narcotic tablets). He says the Government failed to establish an effective chain of control over the vial from him to the officers. In brief the evidence was that a female informer, in the presence of police officers, made a telephone call and received one. She was then searched by a policewoman and was given marked money, placed in a taxicab, and driven several blocks. The cab stopped; a man, identified as Peden, approached the cab; the rear door was opened for a few minutes; Peden leaned into the cab; the door was then closed and the driver drove off. The police officers had observed the transactions from a distance. They immediately took both the informer and Peden into custody. The informer had a vial of tab-

lets, analyzed as dromoran hydrobromide, genetically related to morphine, and Peden had the marked money. At the trial the informer did not testify. Peden urges that without her testimony there was no proof of the sale of the drugs by him. We think the chain of evidence was ample. Reasonable men might well have been persuaded beyond a reasonable doubt, by the chain of events we have narrated, that Peden made the sale to the informer. The police cannot be expected to locate an observer close enough to transactions in this traffic to see the actual passage of the goods and the money. The informer in this case was an addict. An extensive search for her, under an attachment issued by the court, failed to locate her at the time of the trial.

The third point presented on behalf of appellant relates to a comment by the trial judge on the evidence. We find no error in it.

Affirmed.

4. He cites, inter alia, Barnes v. United States, 8 Cir., 1925, 8 F.2d 832; Linden v. United States, 3 Cir., 1924, 296 F. 104; Prince v. State, 1908, 93 Miss. 263, 46 So. 537.

5. See Morrison v. United States, 8 Cir., 1925, 6 F.2d 809; Langford v. United States, 9 Cir., 1949, 178 F.2d 48, certiorari denied 1950, 339 U.S. 938, 70 S.Ct. 669, 94 L.Ed. 1355; United States v. Brothman, 2 Cir., 1951, 191 F.2d 70.