Travis **BUFORD**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 16405.

United States Court of Appeals Ninth Circuit.

Nov. 2, 1959.

Rehearing Denied Dec. 10, 1959.

---

1. Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150.

484

Arthur D. Klang, Morris Oppenheim, San Francisco, Cal., for appellant.

Lynn J. Gillard, U. S. Atty., John Kaplan, John H. Riordan, Jr., Asst. U. S. Attys., San Francisco, Cal., for appellee.

Before CHAMBERS, HEALY, and HAMLIN, Circuit Judges.

HEALY, Circuit Judge.

This is an appeal from a conviction on three counts of an indictment charging two substantive violations of the narcotics laws, 26 U.S.C. §§ 4704 and 7237, and conspiracy under 18 U.S.C. § 371. Appellant was sentenced to two years' imprisonment and a $500 fine on each count—the prison terms to run concurrently.

Twice during July and August of 1958 an informer working for the federal government visited a barber shop operated by appellant and her sister. On both occasions the informer was equipped with a Schmidt radio transmitter enabling another federal agent to listen in on transpiring events. Evidence was introduced to show that appellant was in the shop during both visits and that the informer left the shop both times in possession of bindles of narcotics which she didn't have when she went in. Agents listening in on the Schmidt device testified to conversations between the informer and another woman occurring while the informer was in the shop and during which many highly incriminating admissions were made by the person with whom the informer was talking. Further evidence identified appellant as that person. The informer did not testify, and appellant offered no evidence in defense.

Appellant contends on appeal that the lower court erred in admitting into evidence the conversations recorded on the Schmidt device and the two bindles of cocaine. The ruling as to the conversations is challenged on the ground that appellant's voice was not properly identified. And the ruling concerning the cocaine is attacked on the basis that the government did not adequately connect appellant with the evidence introduced. Appellant also contends that there is insufficient evidence to convict her on any of the three counts charged.

■■ The problem of identifying a speaker whose voice is heard over a radio transmitter is similar to that involved in identifying someone speaking on the telephone. Clearly such identity can be established either by direct or circumstantial evidence. United States v. Bucur, 7 Cir., 1952, 194 F.2d 297; Andrews v. United States, 10 Cir., 1935, 78 F.2d 274, 105 A.L.R. 322; 7 Wigmore, Evidence (3d ed. 1940), § 2155. In the present case a narcotics agent testified for the government that upon one occasion he passed by the barber shop's entrance after the informer had gone in, that he looked into the shop, saw appellant, and heard her say, "I'll be with you in just a minute, just as soon as I finish this process job." At the same time the agent listening in on the radio receiver, an agent who had not previously heard the voice of appellant, heard the same sentence come in on the radio. This telling circumstance, identifying appellant as the speaker, was bolstered by appellant's subsequent admission that it was her conversation with the informer to which the government agent had listened on the Schmidt device. It can not but be deemed that appellant's voice was identified sufficiently to allow in evidence the admissions overheard by the federal agents. See United States v. Sansone, 2 Cir., 1956, 231 F.2d 887, certiorari denied 351 U.S. 987, 76 S.Ct. 1055, 100 L.Ed. 1500; Lott v. United States, 5 Cir., 1956, 230 F.2d 915, certiorari denied 351 U.S. 953, 76 S.Ct. 848, 100 L.Ed. 1477.

■ Appellant's contention that the bindles of cocaine introduced in evidence were inadequately connected to her is also without merit. The government showed that the informer twice entered appellant's barber shop without narcotics and twice left the shop with them; and appellant was placed in the shop on both occasions. Moreover, appellant's recorded conversation with the informer contained admissions which clearly connected her to the narcotics in question. See Mullaney v. United States, 9 Cir., 1936, 82 F.2d 638. From this evidence reasonable men could not but be persuaded beyond reasonable doubt that the bindles of cocaine introduced by the government were sold by appellant. See

Peden v. United States, 1955, 96 U.S. App.D.C. 27, 223 F.2d 319.

██ Appellant contends that there is insufficient evidence to support conviction on any of the three counts charged. It is beyond debate that a conviction will stand if supported by substantial evidence, the evidence being considered in the light most favorable to the prosecution. Glasser v. United States, 1942, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680; Johnson v. United States, 9 Cir., 270 F.2d 721. So viewed, the evidence in the instant case is more than sufficient to justify conviction on each count of the indictment.

██ As to the substantive violations, the admissions of appellant heard over the Schmidt device, and testified to by the listening agents, clearly establish appellant's guilt.[1] The conspiracy count, while causing somewhat more difficulty, is also supported by sufficient evidence.[2] Appellant admitted that her sister Teresa had received from the "connection" the bindle of narcotics sold to the informer in July, and that while the sale was in progress Teresa had told both the appellant and the informer that she, Teresa, was well aware that narcotics were being transferred—and wanted to taste some.[3] These admissions serve to show that Teresa, the alleged co-conspirator, had guilty knowledge of the unlawful activity and, more significantly, had knowingly committed an act in furtherance of its perpetration. By passing the narcotics from the "connection" to her sister and by tasting, in the course of the illegal sale, some of the cocaine which had passed through her hands, Teresa demonstrated a clear intent to work in concert with appellant to achieve unlawful ends. The crime of conspiracy was thus established. See Direct Sales Co. v. United States, 1943, 319 U.S. 703, 63 S.Ct. 1265, 87 L.Ed. 1674; Developments in the Law, Criminal Conspiracy, 72 Harvard Law Review 920, 930–31 (1959).

Affirmed.

1. The admissions of appellant overheard on the Schmidt device were as follows: On the occasion of the sale of narcotics in July appellant said to the informer posing as a buyer, "I've got you two $20 papers and I want to taste some of it." And when the informer said she wanted to make a bigger purchase the next day, appellant replied, "Fine. If my store hasn't run out of stuff you can pick it up. And today when the connection came by I wasn't in the barber shop; so, he gave the stuff to Teresa and she gave it to me when I came back." On the occasion of the sale in August when the informer came by to pick up some narcotics, appellant said, "I will have to call my connection and place the order." Approximately two hours later appellant was heard to say, "Here's the stuff, but be careful. It is more powerful than the last stuff and I want to take a snort before you go."

Because appellant's admissions in this case were made during the course of the crime rather than after its consummation, they may suffice to convict, even though they are uncorroborated, if they establish the crime charged. Warszower v. United States, 1941, 312 U.S. 342, 347, 61 S.Ct. 603, 85 L.Ed. 876; Opper v. United States, 1954, 348 U.S. 84, 90, 75 S.Ct. 158, 99 L.Ed. 101; Bryson v. United States, 9 Cir., 1956, 238 F.2d 657, 662, note 6,

2. An appellate court will not examine a conviction upon one count of a multi-count indictment if there is a valid conviction upon any other count, if the sentences are to run concurrently, and if the period of imprisonment is no longer than it could have been had there been conviction on the good count alone, Lawn v. United States, 1958, 355 U.S. 339, 359, 362, 78 S.Ct. 311, 2 L.Ed.2d 321. In the present case, however, the $500 fine levied on each count requires the court to review each conviction. Paquet v. United States, 9 Cir., 1956, 236 F.2d 203, certiorari denied 352 U.S. 926, 77 S.Ct. 222, 1 L.Ed.2d 161.

3. Again, the admissions of appellant need no corroboration. See note 1, supra. Appellant admitted that while the narcotics were being transferred to the informer, Teresa, knocking on the door, said, "If you don't let me in and give me some, I'm going to tell your old man what you're doing." Appellant further admitted that Teresa then came in and "took a taste" of the narcotics.