Thomas SWEENEY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 21829.

United States Court of Appeals Ninth Circuit.

Feb. 20, 1969.

Alan Saltzman (argued), Hollywood, Cal., for appellant.

Thomas H. Coleman (argued), Asst. U. S. Atty., Wm. M. Bryne, Jr., U. S.

Atty., Robert L. Brosio, Asst. U. S. Atty., Crim. Div., Los Angeles, Cal., for appellee.

Before DUNIWAY and ELY, Circuit Judges, and TAYLOR *, District Judge.

TAYLOR, District Judge:

Thomas Sweeney has appealed from his conviction on two counts of the indictment charging him in each count with receiving, concealing and facilitating the transportation of marijuana in violation of Title 21, U.S.C. § 176a.

The appellant stated in his brief that the questions presented on this appeal are:

1. Was the arraignment of the defendant done in such a manner as to deny the defendant's rights to a public trial and to be present at all proceedings?

2. Was the introduction into evidence of certain admissions made by the defendant erroneous so that the defendant was denied a fair trial?

After fully considering the record in this case our answer to each of the questions presented is in the negative.

It appears that before the scheduled trial commenced the trial judge noted that the defendant (appellant) had not entered a plea to the superseding indictment and thereupon requested counsel to approach the bench. As shown in the Reporter's Transcript, the proceedings as set forth in Footnote No. 1 were conducted at the bench of the trial judge.[1]

* Hon. Fred M. Taylor, United States District Judge for the District of Idaho, sitting by designation.

1. Reporter's Transcript, pages 8 and 9.
"THE CLERK: This is Case No. 36796.
THE COURT: Will counsel approach the bench, please?
(Whereupon, the following proceedings were had at the bench out of the hearing of the jury panel:)
THE COURT: It appears that the defendant has not been arraigned on the superseding indictment which has

been filed. Let's proceed with the arraignment.
THE CLERK: There has been a superseding indictment brought in this matter accusing you of violating the laws of the United States, a copy of which has been handed to your counsel. Do you waive reading?
MR. CUTLER: Waive reading of the Indictment.
THE CLERK: Are you ready now to enter your plea to the superseding indictment?
MR. CUTLER: Yes.

Appellant claims that he was not present at the bench during this conference and as a result he was denied the right to a public trial as provided by the Sixth Amendment to the Constitution of the United States.[2] Appellant also contends that said proceeding violated Rule 10 of the Federal Rules of Criminal Procedure.[3] We do not agree with either contention.

■ The record indicates that the appellant was present at the bench when the arraignment proceeding took place but if he was not, as claimed, there was no prejudice. At said time his counsel received a copy of the indictment, waived the reading of it, a plea of not guilty was entered and counsel stipulated that the trial could proceed. No question was raised or objection made by the appellant or his counsel at said time or at any other time during the trial in regard to the arraignment proceeding and the trial continued in open court as scheduled.

■ The Sixth Amendment only requires that an accused be accorded a speedy and public trial and that he be informed of the nature and cause of the accusation against him. The arraignment took place in open court as required by Rule 10 of the Federal Rules of Criminal Procedure. Assuming, arguendo, that the arraignment proceeding was irregular, it was obviously harmless error and must be disregarded. Rule 52 of the Federal Rules of Criminal Procedure.[4] See also Garland v. Washington, 232 U.S. 642, 34 S.Ct. 456, 58 L.Ed. 772 (1914).

Appellant contends that the admission into evidence of certain incriminating statements made by him to the narcotics agents subsequent to his arrest was plain error for the reason that he was not advised of his rights and did not waive the same as provided in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

The appellant was arrested by agents of the Federal Bureau of Narcotics in the International Airport at Los Angeles while he was at the ticket counter of United Airlines making arrangements for a plane trip to Pittsburgh. The agents had observed the appellant taking

---

THE CLERK: How do you plead to Count 1 of the Indictment, guilty or not guilty?

MR. CUTLER: Not guilty.

THE CLERK: Count 2?

MR. CUTLER: Not guilty.

THE COURT: Very well. Do you stipulate we may proceed with trial at this time?

MR. CUTLER: Yes. So stipulated.

THE COURT: Waiving any further notice?

MR. CUTLER: Yes.

THE COURT: Very well. You may proceed to trial.

(Whereupon, the following proceedings were had in open court in the hearing of the jury panel:)

THE CLERK: Case No. 36706, United States of America v. Thomas Sweeney, for jury trial.

THE COURT: Are counsel ready?

MR. COLEMAN: Yes, your Honor.

MR. CUTLER: Yes, your Honor.

THE COURT: Very well."

2. Amendment Six to the United States Constitution provides, in pertinent part, as follows:

"In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial, * * * and to be informed of the nature and cause of the accusation; * * *"

3. Rule 10, Federal Rules of Criminal Procedure, provides as follows:

"Arraignment shall be conducted in open court and shall consist of reading the indictment or information to the defendant or stating to him the substance of the charge and calling on him to plead thereto. He shall be given a copy of the indictment or information before he is called upon to plead."

4. Rule 52, Federal Rules of Criminal Procedure, provides:

"(a) Harmless Error. Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.

(b) Plain Error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

two suitcases from an automobile in front of the United Airlines' compound at the terminal and proceed to the ticket counter. The record discloses that the agents had probable cause to make the arrest and no issue is raised on this appeal in regard to the lawfulness of the arrest.

After appellant was arrested the agents took him and the two suitcases to the security office of the airline terminal where he was interrogated. Prior to any interrogation the appellant was advised by the agents that he did not have to answer any questions; of his right to remain silent; that any statements made by him could be used against him in a court of law; that he was entitled to an attorney; that if he could not afford an attorney one would be appointed for him; and that he was entitled to use the telephone. He was asked if he understood and he replied in the affirmative. Appellant did not at any time make a request to contact an attorney or request that one be appointed for him prior to or during the interrogation.

■ The agents testified in regard to the statements made by appellant in reply to their interrogation. When appellant was asked if the suitcases were his he stated that they were; and when asked what was in the suitcases he answered: "You guys know what is there." He was asked where the keys were and he handed them to Agent Lipschultz. The appellant also told the agents that he had additional marijuana at his residence, the location of the same in his apartment, how he obtained the marijuana in Mexico and how it was transported back across the border in the automobile. There is nothing in the record to indicate that the statements made by the appellant to the agents were otherwise than freely and voluntarily made.

Appellant argues that there was not full compliance with the requirements laid down in *Miranda*. He points out that he was not explicitly told that he had the right to consult counsel, either of his own choosing or appointed, before answering any questions or that he was entitled to have counsel with him during questioning. He also says that there was no express waiver of these rights.

■■ It is true that the warning was not as explicit as it might have been, but, in the circumstances of this case, we are not persuaded that there was no communication of the substance of the *Miranda* requirements. *Cf.* Moore v. United States, 401 F.2d 533 (9th Cir. 1968). The reference to the right to counsel, following, as it did, immediately on the warning as to the right to remain silent and the risk in not doing so, would, we think, be taken by most persons to refer to the contemplated interrogation, not to some other time, particularly where, as here, appellant was told that he could use the telephone. And the statement by appellant that he understood his rights, followed by his answer to the first question put, together with his age and apparent intelligence, are some evidence of waiver. Standing alone, these facts might not be enough. See, for example, Windsor v. United States, 389 F.2d 530, 532–533 (5th Cir. 1968), as to the warning, and Moore v. United States, supra.

■ But here, no objection was made on these grounds, either by motion to suppress before or during the trial, or at all. Had such an objection been made, the government might well have been able to show that what actually happened fully met appellant's present objections. No objection having been made, the government was entitled to assume that appellant's counsel deemed its proof sufficient.

In Sykes v. United States, 373 F.2d 607, 612 (5 Cir. 1966), it was stated:

"* * * that a timely objection permits the government to defend its challenged position, creating an adequate record, and, far more importantly, allowing the trial court to determine the facts and disinfect the record of error so that retrial may not be necessary."

We are in accord with this principle. In the circumstances here it was incumbent upon the appellant to make a timely objection at trial so as to specifically call attention to the deficiency, if any, in the admonitions given by the agents to him prior to interrogation. We, of course, do not know what further showing the government could have made. As was stated in Sykes v. United States, supra:

"A holding to the contrary without justification would surely tempt defendants to try for two bites of the apple, saving defenses for use in getting a new trial on appeal if the first trial has yielded a guilty verdict. At some stage we must hold for orderly and speedy criminal procedure. We do so here."

As in *Sykes* we so hold in this case.

The case of Gilbert v. United States, 307 F.2d 322 (9 Cir. 1962), has been cited and quoted with approval in several subsequent decisions of this court. At page 326 of that opinion this court stated:

"While Rule 52(b) permits appellate courts to recognize plain errors to which no objection was made below, application of the rule is a matter within the sound discretion of the court. In Billeci v. United States, 290 F.2d 628, 629 (9th Cir. 1961), we quoted with approval from Smith v. United States, 173 F.2d 181, 184 (9th Cir. 1949), the following:

'The admitted normal rule is that an appellate court will not consider matters which are alleged as error for the first time on appeal, and this is true of criminal as well as civil cases. However, an exception exists in criminal cases where the alleged error would result in a manifest miscarriage of justice, or would "seriously affect the fairness, integrity, or public reputation of judicial proceedings." The appellate tribunal will examine the record sufficiently to determine whether such has occurred.' "

 An examination of the record in this case reveals that the appellant took the witness stand and admitted that he knowingly and intentionally possessed the marijuana in question basing his defense on a claim of entrapment. In substance he admitted on the witness stand the same acts which were the object of the admissions about which the narcotics agents testified. This is an additional reason why appellant cannot complain of any error in the introduction into evidence of the testimony concerning his admissions. Under such circumstances the error, if any, in admitting such evidence would not affect appellant's substantial rights and was therefore harmless.

We have carefully examined the record in this case and we are unable to find "plain error" affecting the substantial rights of the appellant nor do we find any error which would result in a manifest miscarriage of justice.

We affirm.