## ADAMS et al. v. UNITED STATES.
### No. 10158.

Circuit Court of Appeals, Fifth Circuit.
June 18, 1942.
Rehearing Denied July 20, 1942.

Joel B. Mallet, of Jackson, Ga., for appellant.

T. Hoyt Davis, U. S. Atty., and T. Reese Watkins, Asst. U. S. Atty., both of Macon, Ga., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Henry Ingram Adams and five others were indicted at the May Term, 1941, of the District Court of the United States for the Middle District of Georgia, Macon Division. The indictment, No. 5243, was in four counts, each count charging a substantive offense in violation of the Internal Revenue Laws relating to the manufacture of spirituous liquors, R.S. §§ 3258, 3279, 3281, 26 U.S.C.A. Int.Rev.Code §§ 2810, 2831, 2833. At the November Term, 1941, an indictment in one count was returned against Henry Ingram Adams, John Milton Adams, and five others, charging them with conspiring to violate the Internal Revenue Laws contrary to the provisions of 18 U.S.C.A. § 88. The latter indictment, No. 5328, alleged three overt acts committed in furtherance of the conspiracy.

On November 7, 1941, when the two indictments were called for trial, Henry Ingram Adams and John Milton Adams, through counsel, and in open court, moved for a bill of particulars in the conspiracy case. Thereupon, in the presence of the defendants, Government counsel gave defense counsel an oral resume of the evidence upon which the Government would rely for a conviction; and the court ruled that the Government would be limited in its presentation of evidence to proof of the overt acts detailed in response to the demand for a bill of particulars.

On motion of the United States Attorney, the court ordered the indictments, No. 5243 and No. 5328, consolidated for trial. Motion for a continuance was then made by the defendants on the ground of surprise in that they and their counsel had not had sufficient knowledge of the details of the conspiracy charge. They further alleged that two of their witnesses were absent and that their counsel had not had sufficient time to prepare the case for trial. The court overruled the motion for a continuance, and the defendants were put to trial.

Henry Ingram Adams was found guilty on all four counts of Indictment No. 5243; and he and John Milton Adams were both found guilty of the conspiracy alleged in Indictment No. 5328. Henry Ingram Adams was fined $300 and was sentenced to serve a term of eighteen months in the reformatory under No. 5243, and a term of eighteen months under No. 5328, the sentences to run concurrently. John Milton Adams was sentenced to serve a term of two years on his conviction under the conspiracy indictment, No. 5328. Both of the named defendants have appealed.

The court committed no error in refusing to grant the motion for a continuance of the conspiracy case. The defendants were apprised of the conspiracy indictment on October 31, 1941, and on the following day, November 1, 1941, they employed counsel to represent them. The case was not called for trial until a week later on November 7, 1941. Both cases are simple ones, and the allegations of surprise, and lack of time for preparation for trial and the securing of absent witnesses, are not borne out by the record. It rested within the sound discretion of the trial court to either grant or refuse to grant a continuance, and such discretion was in no wise abused. Morris v. United States, 5 Cir., 123 F.2d 957; Hart et al. v. United States, 5 Cir., 112 F.2d 128; Boyer v. United States, 5 Cir., 92 F.2d 857; Hamil v. United States, 5 Cir., 298 F. 369.

A like observation may be made with reference to the demand by defendants for a bill of particulars, and the giving of a concrete verbal answer to the request by counsel for the government. A careful reading of the record brings to light the fact that such verbal information contained nothing hidden, and nothing which the defendants did not already know about. Moreover, defense counsel had an entire week within which to seek information and ask for a bill of particulars, but request was not made until the day of the trial. Such information as was then sought was immediately given by Government counsel, and the court expressly limited the bounds of the prosecution to the information thus given to the defendants.

Appellants contend that the court erred in ordering consolidation of the two indictments. The record does not show that objection was made to the consolidation until after verdict, and although the question does not appear to be properly before us, we have nevertheless considered the assignment of error on this point. Cf. Logan v. United States, 144 U.S. 263, 297, 12 S.Ct. 617, 36 L.Ed. 429. The appellants were joined as co-defendants in the conspiracy indictment, which in substance charged that on or about December 1, 1939, they and the other parties named conspired among themselves to violate the Internal Revenue Laws, and that thereafter the

conspiracy had continued in full force and effect until the date of the returning of the indictment on October 22, 1941. The record discloses that the offenses charged in the two indictments are clearly related, and that no prejudice resulted from the consolidation of the indictments. The distillery mentioned in Indictment No. 5243 is the same distillery alleged in overt act three of Indictment No. 5328 to have been possessed by these appellants. All defendants named in the first indictment, with the exception of Eddie Lee Williams, were named as defendants in the conspiracy indictment. The court committed no error in ordering the indictments consolidated. 18 U.S.C.A. § 557; Davis v. United States, 5 Cir., 12 F.2d 253; Morris v. United States, 9 Cir., 12 F.2d 727; United States v. Silverman, 3 Cir., 106 F.2d 750; Jordan v. United States, 5 Cir., 120 F.2d 65.

The court's charge was full and fair, and we find no error in it, or in the rulings on the admission and exclusion of evidence. We have examined the record and found abundant evidence to support the verdict and judgment. The court properly refused to grant the defendants' motion for a directed verdict of not guilty. Hays v. United States, 5 Cir., 123 F.2d 53; Jordan v. United States, 5 Cir., 120 F.2d 65.

No reversible error appearing, the judgment as to each of the appellants is affirmed.