UNITED STATES of America, Plaintiff-Appellee,

v.

Walter Rex JOHNSTON, III, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Harry BALK, Defendant-Appellant.

Nos. 15093, 15094.

United States Court of Appeals
Sixth Circuit.

June 8, 1963.

Donald Welday, Jr., Detroit, Mich., for Walter Rex Johnston, III.

John B. Kiefer, Detroit, Mich., Hand, Kiefer, Allen & Ryan, Detroit, Mich., of counsel, for Harry Balk.

William H. Merrill, Chief Asst. U. S. Atty., Detroit, Mich., Lawrence Gubow, U. S. Atty., Detroit, Mich., on brief, for United States.

Before WEICK and O'SULLIVAN, Circuit Judges, and DARR, Senior District Judge.

DARR, Senior District Judge.

On May 5, 1959, the grand jury for the Eastern District of Michigan, Southern Division, returned two separate indictments which concerned the appellants, Harry Balk and Walter Rex Johnston, III. The first count of one indictment charged Johnston and others with a violation of the mail fraud statute [1] and in the second count charged a conspiracy to violate the mail fraud statute. [2] The first count of the other indictment charged appellants, Balk and Johnston, along with others, with violating the wire fraud statute. [3] A second count charged the same persons with a conspiracy to violate the same statute. [4]

A motion for joining the cases for trial was granted.

The consolidated cases came on for trial on September 26, 1961. Each appellant was convicted on all counts in which charged and each received a sentence of two years on each of the counts to run concurrently.

Before reaching the errors claimed to have occurred during the trial, there arises a question of some concern. This question involves only appellant Balk. This appellant poses the question of whether the trial court erred in requiring him to proceed with an attorney not of his own choice in spite of appellant's objections.

A few days after the indictments were returned appellant Balk retained as counsel Mr. Joseph W. Louisell, who was entered attorney of record on May 27, 1959. This action on the part of Mr. Louisell was done by Mr. Ivan E. Barris, his associate. More than two years thereafter, during which time nothing had been done in the case, a motion for a joinder of the cases for trial was filed and a hearing had on August 21, 1961. The motion was granted. Mr. Barris appeared for this appellant on that occasion. Then, on September 12, 1961, a pre-trial was had, Mr. Barris appearing for appellant Balk. The trial date was set for September 26, 1961, but the date the assignment was made does not appear. On the trial date, which was in the afternoon of September 26, 1961, Mr. Louisell and Mr. Barris appeared in court, appellant Balk being present, and Mr. Louisell made a statement to the Court revealing these facts and circumstances:

Mr. Louisell informed the District Judge that he had an imperative commitment to prepare an important case in the Michigan Supreme Court which was scheduled for argument on the first of October, 1961. For this reason he asked to be excused. He informed the court that his associate, Mr. Barris, had collaborated with him in every case he had handled during the past eight years; that Mr. Barris had appeared for appellant Balk at the hearing of the motion for consolidation of the cases and at the pretrial conference; that Mr. Balk knew about these appearances by Mr. Barris and had been in communication with him about the case since the middle of August on up "until the other day." Mr. Louisell further said that Mr. Barris was prepared to proceed with the trial and "thoroughly conversant" with the indictment.

Mr. Louisell further informed the Court that some several weeks prior to that date he had "bumped into Mr. Balk" and, according to his recollection, advised Mr. Balk that he could not be present at the trial if it was heard on September 26, the date the case had been set for trial. [This statement by Mr. Louisell, later denied by Mr. Balk, appears to have been casual and somewhat indefinite. A defendant in a criminal case cannot be denied his constitutional right on hazy testimony.]

Mr. Louisell informed the Court that he had talked with Mr. Balk on the

1. 18 U.S.C.A. § 1341.

2. 18 U.S.C.A. § 371.

3. 18 U.S.C.A. § 1343.

4. 18 U.S.C.A. § 371.

previous Friday, September 22, and Mr. Louisell had informed Mr. Balk that he could not appear for him at the trial and that Mr. Barris would try the case for him. He informed Mr. Balk that Mr. Barris was in position to and could give him the "very best of representation in the matter." At that time Mr. Balk made no objection to Mr. Barris trying the case. Mr. Balk asked to come to Mr. Louisell's office on that Friday afternoon but Mr. Louisell said he preferred Monday morning.

In the early part of Monday morning Mr. Balk came to Mr. Louisell's office and advised him, *for the first time,* that he was not content with having Mr. Barris represent him. Mr. Balk also said that he had confidence in Mr. Louisell; had retained him and expected him to represent him. After a review of the situation by Mr. Louisell, Mr. Balk said he "had in mind another counsel." Mr. Louisell informed Mr. Balk that if it were his choice to have other counsel he would cooperate in every way in making available to such other counsel the benefit of both Mr. Barris' and his research in preparation of the case for trial. Mr. Louisell said that he encouraged Mr. Balk to keep Mr. Barris as he was the best prepared to try the case but did suggest to Mr. Balk the name of another attorney [Mr. Fred Walker], who had a "great wealth of experience here in Federal Court." Mr. Balk suggested that Mr. Louisell get in touch with this attorney and this Mr. Louisell did and received from him, Mr. Walker, a commitment to appear and represent Mr. Balk. Mr. Louisell further stated that he told Mr. Balk that Mr. Walker would represent him, Mr. Balk said he "did not want that other counsel" and insisted on having Mr. Louisell present. The District Judge then observed that he knew Mr. Barris and had always found his work to be extremely competent.

Mr. Balk then told the District Judge that he did not know Mr. Barris was involved, that he thought Mr. Louisell was going to handle the case for him and did not know until Friday that Mr. Louisell

wasn't able to handle the case. He said he went out the previous Friday to get another lawyer and that some of the lawyers he contacted told him that it would be impossible for them to handle the case because there was not time to prepare for trial and the others he saw were busy and they couldn't represent him. He said that he had confidence in Mr. Louisell, but did not know Mr. Barris very well and that he felt like he should have opportunity to get a lawyer "I have confidence in."

The District Judge asked the United States Attorney to state his position and the reply was that a great many witnesses had been subpoenaed, in Canada and from many states in the United States, that some of them were there and some of them on the way. Thereupon the District Judge spoke of the competency of Mr. Barris in the case and said in view of all the circumstances he would excuse Mr. Louisell and the case would proceed with Mr. Barris as counsel for appellant Balk.

The trial went forward, lasted four days, and resulted in the conviction as above set out.

No question is made concerning the competency of Mr. Barris or his manner of conducting the trial.

The statements and colloquy occurring in court have been recited in some detail because the constitutional question presented by appellant Balk is quite disturbing.

Stripped of unnecessary words, the Sixth Amendment reads:

"In all criminal prosecutions, the accused shall enjoy * * * the Assistance of Counsel for his defense."

Most of the cases concerning this portion of the Sixth Amendment involve the appointment of counsel for indigent criminal defendants. Many cases arise directly under the Sixth Amendment and many others under the Fourteenth Amendment relative to counsel for indigent defendants in state courts. None

of these cases are of particular help in resolving the question.

It has been said that the first eight amendments and the Fourteenth Amendment are "essential barriers against arbitrary or unjust depravation of human rights." Judge Learned Hand said in a lecture at Harvard that these amendments are " * * * generally regarded as embodying the same political postulates that had been foreshadowed though not fully articulated in the exordium of the Declaration of Independence; 'self-evident' and 'unalienable rights' with which all men 'are endowed by their Creator' and among which are 'life, liberty and the pursuit of happiness.'"

■ So, it would seem that the "unalienable rights" of life and liberty of a defendant in a criminal case are carefully safeguarded by the Sixth Amendment. In the portion of the Amendment we are considering, it is evident that the protection given to a criminal defendant is the adequate assistance of counsel whereby he will have a full, fair trial under the law. In other words, have his "day in court."

■ The Amendment does not concern itself with who the counsel may be or how the counsel may be selected. But if a defendant in a criminal case desires to hire his own counsel, in order that the object of the Sixth Amendment be met, such defendant must have fair opportunity and reasonable time to employ counsel of his own choosing. Crooker v. California, 357 U.S. 433, 439, 78 S.Ct. 1287, 2 L.Ed.2d 1448 (1958); Chandler v. Fretag, 348 U.S. 3, 9, 10, 75 S.Ct. 1, 99 L.Ed. 4 (1954); Glasser v. United States, 315 U.S. 60, 70, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932).

Therefore, the question boils down to whether appellant Balk had fair opportunity and reasonable time to select counsel of his own choice.

While the history of the case heretofore set out indicates that appellant Balk wavered to some extent as to whether he might go forward with Mr. Barris or accept Mr. Walker, we believe that the record fairly reveals that the definite position of Mr. Balk was that he desired Mr. Louisell to try his case and, if not, that he should have more time to select a lawyer that he had confidence in.

■ We are fully cognizant of the situation in which the District Judge was placed. He had to make a decision on short notice. The United States had gone to great expense and trouble in assembling witnesses from long distances and the District Judge felt, which we are sure is true, that Mr. Barris could adequately protect the interest of appellant Balk. Actually it seems to us that appellant Balk was not prejudiced by the action of the District Judge in this respect, but this situation does not satisfy appellant Balk's rights under the Sixth Amendment. Crooker v. California, supra; Chandler v. Fretag, supra; Glasser v. United States, supra; Powell v. Alabama, supra; Releford v. United States, 9 Cir., 288 F.2d 298, 301 (1961).

■ The weekend, from Friday until Tuesday, was not a reasonably sufficient time to give appellant Balk fair opportunity to select and employ counsel of his own choosing. We, therefore, rule that appellant Balk was deprived of a fair opportunity and a reasonable time to select his own counsel.

As the case will have to be returned to the district court as to appellant Balk, the remaining contentions will be considered only as to appellant Johnston, although made in behalf of both appellants.

■ It is insisted that the District Judge made reversible error in admitting into the evidence testimony relating to the substance of telephone conversations had by other persons with appellant.

■ It is true that the person or persons talking to appellant did not recognize his voice but by credible circumstantial evidence this appellant is shown to be one of the persons making or receiving the telephone calls. United

States v. Frank, 3 Cir., 290 F.2d 195, 196 (1961); Cwach v. United States, 8 Cir., 212 F.2d 520, 525 (1954); Andrews v. United States, 10 Cir., 78 F.2d 274, 105 A.L.R. 322 (1935). It is for the District Judge to pass on the admissibility of the evidence and we are clear in the conclusion that he did not abuse his discretion.

 The third and fourth contention made by the appellant Johnston are much the same and will be treated together. These grounds of error are, in effect, that there was not sufficient competent evidence to support the verdict of the jury.

In settling these questions a brief factual statement will be announced:

The Superior Features Syndicate, Inc., New York City, and General Features Syndicate, Inc., New York City, sold a type of cross word puzzle to newspapers. The newspapers used these as a means of increasing circulation. The puzzles were sent to the newspapers and the answers to the puzzles sent to banks designated by the newspapers to be opened on completion of the contests. Substantial prizes in money were given for correct answers.

The swindle involved in this case was set up by confederates of this appellant in towns in the Province of Ontario, Canada, by these confederates arranging the name of a fictitious newspaper, Suburban Publishers, Ltd. and a fictitious bank, Middlesex Trust Company. In the name of the fictitious newspaper, the appellant's confederates bought puzzles from the Syndicates with directions that answers be sent to the fictitious bank. Thus, answers to puzzles came into the hands of appellant's co-conspirators during the time many of the same puzzles were being published in newspapers throughout the United States. The part played by the appellant in this swindle was to receive answers to puzzles from his fellow schemers and to find contestants in various parts of the country in the circulation limits of the newspapers using the puzzles and furnish the answers on a split prize basis, the larger split coming to the appellant and his associates in the fraud. This appellant used the United States mail and interstate wire communications in furtherance of the scheme.

Appellant Johnston does not deny the corpus delicti, but insists that he did not participate therein or that the proof was insufficient to show his participation. This appellant did not offer any proof to defend against the government's case.

Without undertaking to point out the thread of proof, other than what is above recited, we conclude that there was adduced at the trial ample, substantial and competent evidence for submission to the jury. It was within the competency of the jury to render the verdict of guilty, which we cannot disturb.

This appellant raises minor peripheral questions which have been considered and found to be without merit.

The judgment of the District Court as to appellant Balk is reversed and the judgment of the District Court as to appellant Johnston is affirmed.