Charles Hulan WARDEN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 9717.

United States Court of Appeals Tenth Circuit.

March 27, 1968.

Peter J. Wall, Denver, Colo., for appellant.

Thomas C. Seawell, Asst. U. S. Atty., Denver, Colo. (Lawrence M. Henry, U. S. Atty., Denver, Colo., on the brief), for appellee.

Before PICKETT, LEWIS and BREITENSTEIN, Circuit Judges.

PICKETT, Circuit Judge.

Appellant Warden appeals from a judgment and sentence following his conviction of transporting a motor vehicle from Dallas, Texas to Denver, Colorado, knowing it to have been stolen, in violation of 18 U.S.C. § 2312. The interstate transportation of the vehicle is admitted, but it is contended that the evidence was insufficient to establish that the automobile was stolen and that the motion for acquittal should have been granted.

Dorothy Manson, a resident of Dallas, Texas, owned the automobile in question, a 1967 yellow and black Ford Mustang. During the summer of 1966 Mrs. Manson and Warden were living in the Dallas area where they became quite friendly and spent considerable time together. This relationship terminated in the latter part of November, 1966. Late in the afternoon of April 26, Warden again appeared on the scene and, accompanied by a friend, unexpectedly met Mrs. Manson at a filling station. The situation was somewhat embarrassing as Mrs. Manson had already arranged to meet another male acquaintance. The atmosphere became less than friendly after this acquaintance joined them and a physical encounter appears to have been averted only after Mrs. Manson produced a .22 calibre pistol and persuaded Warden to quiet down. They proceeded to the address of the acquaintance and he and Mrs. Manson went up to his apartment, leaving Warden and his friend in the automobile. When Mrs. Manson returned a short time later, Warden had disappeared with the automobile. He drove to Fort Worth, Texas, where he changed the license plates, and proceeded on to Denver, Colorado after leaving a friend at Wichita Falls, Texas. Mrs. Manson reported to the Dallas police that the car had been stolen. There was no word from Warden until May 10, 1967, when he called Mrs. Manson from Denver. He

advised her that he had the automobile and requested that she come there and reclaim it. Warden's whereabouts were reported to authorities and he was later arrested in Denver. At the trial Mrs. Manson testified that she did not give Warden permission to take the automobile, and his testimony was to the same effect. He also admitted that he made no effort to return the automobile at any time.

■ Considering the evidence in the light most favorable to the prosecution, together with the inferences which may be reasonably drawn therefrom, a jury question was presented and the court did not err in overruling the motion for acquittal. Maguire v. United States, 10 Cir., 358 F.2d 442, cert. denied 385 U.S. 801, 87 S.Ct. 9, 17 L.Ed.2d 48; Cartwright v. United States, 10 Cir., 335 F.2d 919. See also Johnson v. United States, 10 Cir., 384 F.2d 388.

■■ Before trial Warden moved for a continuance on the ground that one of his witnesses was not available. It was shown that the testimony of this witness would have been to the effect that the defendant had made arrangements with Mrs. Manson for her to fly to Denver for the purpose of retrieving the car and that the witness had waited with Warden at the airport for Mrs. Manson, who did not arrive. There was no conflict in the evidence that Warden expected Mrs. Manson to appear in Denver for the purpose of recovering her automobile. The witness' testimony would have been cumulative as to the uncontroverted fact. A motion for continuance is addressed to the sound discretion of the court, and its action is not subject to review unless the discretion is abused. Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377; Bear v. United States, 10 Cir., 384 F.2d 132; Brooks v. United States, 10 Cir., 330 F.2d 757, cert. denied 379 U.S. 852, 85 S.Ct. 100, 13 L.Ed.2d 56; Smith v. United States, 10 Cir., 273 F.2d 462, cert. denied 363 U.S. 846, 80 S.Ct. 1619, 4 L.Ed.2d 1729. See also, Ray v.

United States, 5 Cir., 352 F.2d 521. We find no abuse of discretion in the trial court's denial of appellant's motion.

■ One theory of appellant's defense was that he acted under compulsion and fear when he drove the Manson vehicle from Dallas. He now complains that the trial court, by restricting his description of his state of mind both before and after the event, in effect prevented him from presenting this defense. The only ruling of the trial court on this subject which merits consideration occurred during the direct examination of Warden in the following context:

"Q. Did you say anything to Mr. Harrison? Did you discuss anything with him?

A. I told him I thought we was getting set up.

Q. What do you mean 'set up'?

A. Well, in Dallas—if the Court will permit—

Q. Well, very briefly, Mr. Warden you said set up. You mean that you're troubled or—

A. In other words, somebody will take and lead you some place and set you down and then somebody else comes along and blows your brains out for you.

Q. Were you frightened?

THE COURT: The jury will disregard these comments completely. It's hearsay in the first place and what his conversation was with this Larry is not admissible under any stretch or exception to the hearsay rule. And what was in his mind, I don't think is valid at this point. Go ahead."

No objection was made to the court's ruling, and no offer of proof was submitted. The ruling was not prejudicial to the fundamental rights of the accused, and consequently is not now reviewable. Rule 51, F.R.Crim.P.; McManaman v. United States, 10 Cir., 327 F.2d 21. If, however, the court's action were error, it was later cured. Another witness was allowed to corroborate Warden's testimony

relating to his alleged fears prior to taking the automobile.[1] As to Warden's testimony which had been excluded, the trial court instructed the jury as follows:

"* * * I took from your consideration a statement that he made about being set up, and I'm going to reverse myself and tell you that you can consider it. I didn't really comprehend what counsel's theory of the case was, but one theory of his case is that he acted under compulsion. So, for the purpose of determining whether he did indeed or whether you entertain a reasonable doubt ·as to whether he did, why, you may consider whether he acted under coercion or compulsion."

This court has recognized that errors in the exclusion of evidence may be cured by the admission of other evidence of substantially the same nature or by a proper instruction. Edwards v. United States, 10 Cir., 374 F.2d 24, cert. denied 389 U.S. 850, 88 S.Ct. 48, 19 L.Ed.2d 120; Elbel v. United States, 10 Cir., 364 F.2d 127, cert. denied 385 U.S. 1014, 87 S.Ct. 726, 17 L.Ed.2d 550, reh. denied 386 U.S. 939, 87 S.Ct. 959, 17 L.Ed.2d 812; Beatty v. United States, 10 Cir., 357 F.2d 19; and see 24B C.J.S. Criminal Law § 1918 (4).

■ There is no merit to the argument that the court erred in refusing to strike the testimony of a witness to the effect that while in Denver Warden was driving a "pretty new yellow and black" Mustang with Texas license plates, which he said belonged to him. This testimony concerned the appearance of the Manson automobile which Warden transported to Denver, and together with his statement of ownership was relevant.

Affirmed.

---

1. The witness used substantially the same terms to describe the conversation which evinced defendant's state of mind as the defendant had used previously:
"A. Charles told me that he thought that Dorothy and the other guy were sitting him up, or words—
Q. What did you say?
A. I didn't think it was so. I think that Al Capone would have—That stuff is done with. I didn't think they would do anything like that.
THE COURT: He asked you what you said.
THE WITNESS: I just told him I didn't think they was."