Claude Franklin MOORE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 22501.

United States Court of Appeals
Ninth Circuit.

Oct. 22, 1968.

Stanley Yep, Duane V. Peterson, Los Angeles, Cal., for appellant.

Wm. M. Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Crim. Div., Theodore E. Orliss, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BROWNING, ELY and HUF-STEDLER, Circuit Judges.

PER CURIAM:

Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694

(1966), requires the government to show not only that the accused was effectively informed of his privilege against self-incrimination and his right to the assistance of counsel, but also that the accused knowingly and intelligently waived these rights. Moreover, "A valid waiver will not be presumed simply from the silence of the accused after warnings are given or simply from the fact that a confession was in fact eventually obtained." 384 U.S. at 475, 86 S.Ct. at 1628.

■ The record is devoid of any evidence that appellant waived his rights before making the admissions to which Officer Pelz testified.

Since we cannot say that the error "does not affect substantial rights" (Fed.R.Crim.P. 52(a)), or "that it was harmless beyond a reasonable doubt" (Chapman v. State of California, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967), the judgment must be reversed.