**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Charles Ruble SISK, Defendant-Appellant.**

**No. 18794.**

United States Court of Appeals
Sixth Circuit.

June 16, 1969.

Thomas McKinney, Jr., court appointed, Kingsport, Tenn., for appellant.

Edward Wilson, Knoxville, Tenn., for appellee, J. H. Reddy, U. S. Atty., W. Thomas Dillard, Asst. U. S. Atty., Knoxville, Tenn., on brief.

Before WEICK, Chief Judge, and CELEBREZZE and McCREE, Circuit Judges.

PER CURIAM.

Appellant Sisk was tried in the United States District Court for the Eastern District of Tennessee for dealing in counterfeit Federal Reserve Bank notes. The grand jury returned a two-count indictment: the first for a violation of 18 U.S.C. §§ 471, 472 and the second for a violation of 18 U.S.C. §§ 472, 473. These statutes relate to the crimes of counterfeiting, uttering and dealing in counterfeit obligations or securities. Appellant was convicted by a jury on both

counts and appeals on the grounds that he was denied his right to counsel during several interrogations and denied effective assistance of counsel during his trial.

Appellant was arrested by agents of the Tennessee Bureau of Identification and the United States Secret Service. Subsequently F.B.I. Agent Halderman executed a federal warrant charging him with a conspiracy to possess and sell counterfeit Federal Reserve notes.[1] Appellant was then taken to McGee Tyson Airport near Knoxville, Tenn. where the F.B.I. agents had set up temporary headquarters. After a search of his person, he was taken to the Federal Building in Knoxville to appear before a United States Commissioner. It was then that Appellant signed three instruments: one printed form entitled "Warning and Consent to Speak" and two drawn up by the agents granting authority to search his business residence and his home in Newport, Tenn. Searches of the premises led to the discovery of $25,000 in counterfeit United States currency, negatives and plates. Appellant contends that these instruments were obtained as a result of intensive questioning and other coercive circumstances.

After his first appearance before the Commissioner, Appellant was re-questioned by the federal agents who had discovered $25,000 in counterfeit money at his place of business. The agents were seeking information concerning the whereabouts of the counterfeiting plates. These were later discovered along with negatives at the residence of Appellant.[2]

A pre-trial motion to suppress the evidence discovered at Appellant's home and place of business was denied by the District Judge on the day of the trial.[3] On December 15, 1967 Appellant's retained counsel made the motion to withdraw his

1. Another party was arrested along with Appellant Sisk, but his case is not before this Court. It should be noted that Appellant does not question the legality of his arrest, the validity of the arrest warrant, or allege any type of working agreement between state and federal officials.

2. The Commissioner released Appellant into the custody of the Agents to aid in the search of his residence.

3. This motion was made and evidence was entered prior to the withdrawal of Appellant's retained counsel.

services. After a hearing, the motion was granted to be effective on January 22, 1968, on the assurance by Appellant Sisk that he would have other counsel enter an appearance on that date. Appellant failed to retain new counsel by January 22, 1968, but on Friday, February 16, 1968, after executing Criminal Justice Act Form 2, Order Appointing Counsel, the Court appointed counsel. Appellant's newly appointed counsel's motion for a continuance was denied. Trial was held on February 20, 21, and 23rd with a continuance on February 22nd to allow appointed counsel time to prepare his defense.

It is Appellant's first contention that during his interrogations there was a denial of his Constitutional right to have an attorney present. This is not a case where *Miranda* warnings were not given, for Appellant admits that he was repeatedly advised of his Constitutional rights. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Nor is this a case where the record is devoid of evidence that Appellant knowingly waived his rights and voluntarily answered the agents' questions, as well as signed the waivers. See Moore v. United States, 401 F.2d 533 (9th Cir. 1968).

The testimony is conflicting as to whether Appellant asked for an attorney, but at his first appearance before the Commissioner he " * * * didn't know whether or not he wanted an attorney; he would think about it and would perhaps, employ one of his own choosing * * * " Holbrook v. United States, 406 F.2d 44 (10th Cir. 1969), Moore v. United States, 401 F.2d 533 (9th Cir. 1968).

Under *Miranda* the Government has a "heavy burden" of proving the voluntary waiver of Appellant's constitutional rights. Miranda v. Arizona, 384 U.S. 436, 475, 86 S.Ct. 1602 (1966). It is also true that the finding of voluntariness depends on the facts and circumstances of each case. United States v. Anderson, 394 F.2d 743 (2d Cir. 1968). The United States Supreme Court referred in *Miranda* to Carnley v. Cochran,

369 U.S. 506, 516, 82 S.Ct. 884, 8 L.Ed. 2d 70 (1963) wherein the Court said that:

"Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." Miranda v. Arizona, supra, 384 U.S. at 475, 86 S.Ct. at 1628.

■ The District Judge conducted a hearing on the motion to suppress. After considering the testimony and demeanor of the witnesses present, the District Judge quite properly concluded that Appellant "intelligently and understandingly rejected the offer" for counsel. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602 (1966). The record fully supports his finding and it will not be disturbed by this Court. United States v. Anderson, 394 F.2d 743, 747 (2d Cir. 1968).

■ The other issue before this Court concerns the adequacy of Appellant's representation by appointed counsel. Before the trial Appellant's appointed counsel moved for a continuance on the sole ground that he did not have adequate time in which to prepare his case.

"[However], [s]ince the Constitution nowhere specifies any period which must intervene between the required appointment of counsel and trial, the fact, standing alone, that a continuance has been denied, does not constitute a denial of the constitutional right to assistance of counsel." Avery v. Alaama, 308 U.S. 444, 446, 60 S.Ct. 321, 84 L.Ed. 377 (1940).

It was not shown either in oral argument or in the briefs that the granting of a continuance would have made relevant witnesses available or have added anything to the defense of Appellant. It is well stated in Avery v. Alabama, supra, at 452, 60 S.Ct. at 325, that the adequacy of counsel " * * * is illuminated by the absence of any indication * * * that [counsel] could have done more had additional time been granted."

A motion for a continuance is addressed to the sound discretion of the court and is subject to review when abuse occurs. Warden v. United States, 391 F.2d 747 (10th Cir. 1968). See Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321 (1940). After reviewing the transcript of the hearing on the motion to suppress and the attendant circumstances, we do not find that the District Judge abused his discretion in denying said motion.

Affirmed.