UNITED STATES of America,
Plaintiff-Appellee,

v.

Denver Lane MOORE, Defendant-
Appellant.

No. 19470.

United States Court of Appeals
Sixth Circuit.

Dec. 30, 1969.

William J. Dammarell, Cincinnati,
Ohio, Harry A. Abrams, Cincinnati, Ohio,
on brief, for appellant.

Robert A. Steinberg, Cincinnati, Ohio,
Roger J. Makley, U. S. Atty., Alvin J.
McKenna, Asst. U. S. Atty., Columbus,
Ohio, on brief, for appellee.

Before PHILLIPS, Chief Judge, and EDWARDS and McCREE, Circuit Judges.

PER CURIAM.

Denver Lane Moore was convicted of robbing a savings and loan association, deposits of which are insured by the Federal Savings and Loan Insurance Corporation, in violation of 18 U.S.C. §§ 2113(a), 2113(b). Two issues are raised on appeal.

First, appellant complains of the denial of several motions for continuance of the trial. All but one of these motions were made before the beginning of the trial, on the ground that the withdrawal of one of appellant's attorneys and the substitution of another less than one week before the trial date made preparation of a defense prejudicially difficult. Specifically, appellant claims that his counsel lacked time for research on the legality of a search of appellant's car, which had produced a sweater which, according to the testimony of an FBI expert, contained microscopic bits of dust identical to samples taken from the vicinity of the burglarized safe.

 The denial of a motion for continuance is within the discretion of the trial court, which will not be disturbed without a showing of prejudice. United States v. Sisk, 411 F.2d 1192 (6th Cir. 1969). Appellant does not show here what he might have done had he been afforded more time for preparation. His counsel did present objections to the admission of evidence produced by the search. Although we believe that the District Judge's overruling of these objections was correct, even if it was not, it is clear beyond a reasonable doubt that the denial of a continuance did not prejudice appellant's case. If the microscopic bits of dust were the prosecution's only proof of guilt, and if the question of their admissibility had required substantial research and investigation, the denial of the continuance might constitute reversible error. But there was other overwhelming evidence of guilt. Three witnesses testified that they saw appellant both in and near the savings and loan office on the night it was robbed, and that he gave one of them some currency which he had apparently stolen. The record makes it clear that if there was any error it was harmless. See Chapman v. California, 386 U.S. 18, 21–24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

 A continuance was also denied on the morning of the day on which summations were scheduled, when one of appellant's counsel, Mr. Abrams, was ill and could not appear in court. Appellant claims that this ruling prejudiced his defense, because another of his attorneys, Mr. Dammarell, who had had less time for preparation, was required to present his argument to the jury. Although it might have been better to have granted a short continuance, we are not persuaded that the District Court's ruling prejudiced appellant in any way. Mr. Dammarell was present throughout the trial, had cross-examined some of the prosecution witnesses, had made several objections, and had otherwise participated ably in the trial of the case. Since appellant does not demonstrate what Mr. Abrams might have done that Mr. Dammarell could not do, we find no error requiring reversal of the conviction.

 The remaining issue raised by appellant concerns the District Judge's instruction on the voluntariness of appellant's consent to the search of his car. Before the evidence was received, the District Court conducted a hearing out of the presence of the jury and found on sufficient evidence that appellant's Fourth Amendment rights were explained to him and that he consented voluntarily to the search. Without deciding whether the District Judge was required to submit the issue of voluntariness to the jury after making this finding, see United States v. Williams, 161 F.2d 835, 837 (2d Cir. 1947); cf. Jackson v. Denno, 378 U.S. 368, 378–379 & n. 8, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) (voluntariness of confessions), we hold that the instruction given was a

correct statement of the law concerning consent to search. In any event, no objection was made to the instruction, and we may not consider it on appeal unless it constituted plain error. Fed. R.Crim.P. 30, 52(b); United States v. Foster, 407 F.2d 1335 (6th Cir. 1969). We hold that there is no merit to appellant's claim.

After consideration of the entire record and the contentions of counsel, we find no reversible error, and the judgment of the District Court is affirmed.