**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Arville B. KNIGHT, Carney Morgan, Jr. and John Ewing Taylor, Defendants-Appellants.**

**No. 20719.**

United States Court of Appeals, Sixth Circuit.

May 27, 1971.

Brooks, Circuit Judge, dissented and filed opinion.

Joe B. Campbell, Bowling Green, Ky., Court appointed, Bell, Orr, Ayers & Moore, Bowling Green, Ky., for defendants-appellants, on brief.

George J. Long, U. S. Atty., W. Waverley Townes, Asst. U. S. Atty., Louisville, Ky., for plaintiff-appellee, on brief.

Before PHILLIPS, Chief Judge, and BROOKS and KENT, Circuit Judges.

PHILLIPS, Chief Judge.

This joint appeal is from the conviction of the three appellants for violating the moonshine whiskey laws in contravention of 26 U.S.C. § 5601(a) (1), (4) and (7). Two issues are presented: (1) Whether appellants were allowed a reasonable time to employ counsel and prepare for trial; and (2) whether the evidence supported the jury's verdict.[1]

We hold that on the facts of this case the appellants were denied the Sixth Amendment right to the assistance of counsel and reverse their convictions. We find it unnecessary to reach the second issue raised by appellants.

The appellants were arrested on September 26, 1969, by agents of the Alco-

---

1. Appellants Knight and Taylor raise the second issue.

hol, Tobacco and Firearms Division (ATF) of the United States Treasury Department on charges of operating a moonshine still. A preliminary hearing was held on October 15, 1969, before a United States Commissioner. The appellants were represented at the hearing by retained counsel, Mr. Dale Quillen of Nashville, Tennessee. The Commissioner found that the complaint filed by the ATF agents was based on probable cause and held the case to the November term of the District Court. The appellants were released on bond and subsequently were indicted by the grand jury.

All additional facts pertinent to the issue of whether the appellants were denied the right to counsel are contained in excerpts from the trial record.

The appellants' case was called by the District Court on November 10, 1969, and the following colloquy occurred:

"The Court: Do you have a lawyer?

"The Defendant Taylor: Mr. Quillen, he is supposed to represent all three of us.

"The Court: Well, when was the last contact you had with Mr. Quillen?

"The Defendant Knight: Last Tuesday, a week ago.

"The Court: Did he say he would be here today?

"The Defendant Knight: Yes, sir.

"The Court: Have you called him or tried to contact him today?

"The Defendant Knight: No, sir.

"The Court: Well, maybe you had better go out and try to call him. You are on bond, aren't you?

"The Defendant Knight: Yes, sir.

"The Court: Do you reckon you had better try to get in touch with him by telephone?

"The Defendant Knight: Yes, sir.

"The Court: All right. I will recall the case again. Let them see if they can get Mr. Quillen."

Late the same day, the case was called again and the following colloquy occurred:

"The Court: Now, you three defendants advised the Court that you were represented by Mr. Quillen, of Nashville.

"Mr. Knight: Yes, sir.

"The Court: The marshal advised me that he just called and said that he doesn't represent any of you, any of the three of you.

"Now, do you want to see if you can get another attorney and be here in the morning?

"Mr. Knight: Yes, I would like to.

"The Court: All right. Do you have money with which to employ an attorney? If you do not the Court will appoint one for you?

"Mr. Knight: Yes, sir.

"The Court: But if you want to have your own lawyer, you, of course, have a right to do that and I think if you get your attorney and will be back here by 1 o'clock tomorrow afternoon. Is that what the rest of you want to do, too?

"The Defendants: (Nodding affirmatively)

"The Court: All right. Let the case go over until tomorrow, 1 o'clock tomorrow afternoon."

The next day, November 11, 1969, when the case was called the following colloquy occurred:

"The Court: Now, as to Arville B. Knight and Carney Morgan, Jr., and John Ewing Taylor, you advised me yesterday that you were represented by Mr. Quillen of Nashville. Mr. Quillen called and said that he did not represent you three men and I put the case over until today to give you an opportunity to secure counsel. Now do you have any attorney at this time?

"Mr. Knight: We called a man who was supposed to meet us here, Mr. Milliken?

"The Court: Mr. G. D. Milliken?

"Mr. Knight: Yes, sir. He is supposed to have sent somebody out of his firm to meet us and talk to us.

"The Court: Call Mr. Milliken, Mr. Marshal, please.

"The Marshal: I don't believe he has had time to get here.

"The Court: You just called him?

"Mr. Knight: Just a few minutes ago."

Mr. Dixie Satterfield, the attorney sent from Mr. Milliken's office, arrived shortly thereafter and immediately moved for a continuance on the ground that his clients "have just retained this attorney and that the attorney needs an opportunity to prepare the case." The motion was denied by the District Court. The attorney then said: "I request the trial of these three defendants be put over until at least the end of the week so that I will have an opportunity to prepare for it. I walked over here at 1 o'clock today." The request was refused, but a recess of thirty minutes was granted to give Mr. Satterfield an opporunity to discuss the case with the appellants. The trial began following the recess and was completed the following day, resulting in the conviction of each appellant on all three counts of the indictment. Each appellant was sentenced to a term of three years on each count, such terms to run concurrently.

In denying the motion for a continuance the District Court ruled that it was the appellants' "fault that they didn't make arrangements" for securing counsel in time to prepare for trial. The appellants' "fault," if any, must be inferred from the facts set forth above.

On November 10, 1969, when their case was called, each appellant stated that he was represented by counsel, Mr. Quillen, who had agreed to be present on that date for trial. Mr. Quillen had represented the appellants at the preliminary hearing. Knight stated that when he last talked to Mr. Quillen on "Last Tuesday, a week ago" that Mr. Quillen said "he would be here today."

When Mr. Quillen did not appear to represent the appellants, the District Court reaffirmed their right to employ counsel of their choice. However, the appellants were given only until the following day, November 11, 1969, at 1 p. m., to retain counsel and return to court.

In United States v. Balk, 318 F.2d 288 (6th Cir.), the defendant was informed by his retained counsel shortly before the trial date that he could not represent the defendant at trial. The defendant was forced to go to trial as scheduled with counsel not of his own selection. This court held in *Balk* that:

"The weekend, from Friday until Tuesday, was not a reasonably sufficient time to give appellant Balk fair opportunity to select and employ counsel of his own choosing. We, therefore, rule that appellant Balk was deprived of a fair opportunity and a reasonable time to select his own counsel." *Id.* at 291.

*Balk* is not dispositive of the present appeal since the appellants were successful in retaining counsel within the allotted time. They were able to retain counsel shortly before the 1 p. m. deadline, but first spoke directly with their attorney after 1 p. m. We consider the circumstances under which counsel was retained only as one factor bearing on the determinative issue of whether the appellants were denied a reasonable opportunity to prepare for trial with the assistance of counsel.

In Townsend v. Bomar, 351 F.2d 499 (6th Cir.), this court set aside the defendants' state court conviction on the ground that the time allowed for preparation for trial was not sufficient to satisfy the Sixth Amendment right to the effective assistance of counsel. In *Townsend* the defendants were informed of their indictment, given separate appointed counsel, and were arraigned and tried all on the same day. The defendants later testified that they conferred with their counsel only fifteen minutes before going to trial. The appointed attorneys testified that they conferred with the defendants prior to trial for 45 minutes to two hours. No request for a con-

tinuance to prepare for trial was made. This court held in *Townsend*:

"The efforts of the state to provide for a speedy trial of a criminal case are laudable, but certainly they must be exercised with due regard for the constitutional right of the defendant to have adequate time to prepare his defense.

\* \* \* \* \* \*

"The offense charged in the case at bar was a serious one, requiring upon conviction the imposition of a sentence of life imprisonment upon young men. The Court should have accorded them a reasonable time to enable their counsel to prepare properly the case for trial. The time allotted was too brief for this purpose. \* \* \*

"We are not willing to hold that these appellants have waived their constitutional rights to the effective assistance of counsel, which we believe was denied to them because of the shortness of the time allowed by the Court for preparation for trial. \* \*

"The judgment of conviction was in violation of the constitutional rights of appellants and is therefore void." *Id.* at 501–502.

In Callahan v. Russell, 423 F.2d 450 (6th Cir.), a case involving a negotiated plea, this court commented on the *Townsend* holding as follows:

"We did not hold in *Townsend* that the late appointment of counsel constituted a violation per se of the Constitution.

"There is of course a vast difference between one case where the defendant says he is not guilty and wants a trial and the court proceeds to try him without giving his counsel adequate time for preparation, and another case where the defendant, after being fully advised as to his rights, admits his guilt, tells his lawyer that he wants to plead guilty, and instructs him to work out an agreement with the prosecutor as to the sentence. In the present case apparently there were no witnesses to the robbery, except the victim.

"In our judgment, the constitutional right of a defendant to the effective assistance of counsel has not been violated by the late appointment of counsel unless it has operated to his prejudice. The question whether or not the defendant has been prejudiced must be determined by the Court by consideration of all the facts and circumstances in the case." 423 F.2d 450 at 454.

Unlike *Callahan* and the numerous guilty plea cases cited therein, *Townsend* and the present case involve preparation for trial on pleas of not guilty. As stated in *Callahan* there is a "vast difference" between the two types of cases.

In other not guilty plea cases this court has held that the short time allowed to counsel to prepare for trial was not of itself prejudicial without a showing of actual prejudice. *See, e. g.*, United States v. Moore, 419 F.2d 810 (6th Cir.) (less than a week); United States v. Sisk, 411 F.2d 1192 (6th Cir.), cert. denied, 396 U.S. 1018, 90 S.Ct. 584, 24 L.Ed.2d 509 (four days); United States v. Decker, 304 F.2d 702 (6th Cir.) (two weeks). In each of these cases where a showing of specific prejudice was required, the defendant was given at least some time to prepare for trial with the assistance of counsel.

We adhere to these holdings. It is reemphasized that no absolute rule can be enunciated as to the minimum amount of time required for adequate preparation of a criminal case with respect to either guilty plea cases or trials on pleas of not guilty. The question of whether prejudice has occurred and whether the trial judge had abused his discretion in denying a continuance must be determined by a consideration of all the facts and circumstances of each case. Callahan v. Russell, *supra*, 423 F.2d at 454.

In the present case the counsel for appellants was denied any opportunity whatsoever to interview witnesses or otherwise to investigate the case. Indeed, he was allowed only thirty minutes to discuss the case with the three appellants before being forced to trial.

We hold that prejudice is inherent under the facts and circumstances of the present case. The newly employed attorney for appellants, no matter how competent and experienced, could not be expected to prepare adequately during a thirty minute recess for a trial which would extend over a period of two days. While fully cognizant of the crowded condition of the dockets and the heavy workload carried by the experienced and able District Judge who tried the present case, we are compelled to the conclusion that failure to grant a continuance to allow counsel at least some time to prepare for the trial constituted an abuse of discretion.

In Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, the Supreme Court said:

"Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence or evidence irrelevant to the issue or otherwise inadmissible. *He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him.* Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence." *Id.* at 69, 53 S.Ct. at 64. (Emphasis added.)

The Supreme Court held in *Powell, id.* at 71, 53 S.Ct. at 65, that due process of law is not satisfied "by an assignment [of counsel] at such a time or under such circumstances as to preclude the giving of effective *aid in the preparation* and trial of the case." (Emphasis added.)

We hold that the complete denial of any opportunity for counsel to prepare for the defense of a not guilty plea in a case set for immediate trial under the facts and circumstances of the present case is so fundamentally unfair that a conviction resulting therefrom cannot be permitted to stand. White v. Ragen, 324 U.S. 760, 764, 65 S.Ct. 978, 89 L.Ed. 1348; Glasser v. United States, 315 U.S. 60, 70, 62 S.Ct. 457, 86 L.Ed. 680; Powell v. Alabama, *supra*; Townsend v. Bomar, *supra*.

Reversed and remanded.

BROOKS, Circuit Judge (dissenting).

I respectfully dissent. In the Sixth Circuit, as well as in other circuits, it seems established that the denial of a motion for continuance is within the discretion of the trial court, which will not be disturbed on appeal without a specific showing of prejudice. United States v. Moore, 419 F.2d 810 (6th Cir. 1969); United States v. Sisk, 411 F.2d 1192 (6th Cir. 1969), cert. denied, 396 U.S. 1018, 90 S.Ct. 584, 24 L.Ed.2d 509; United States v. Decker, 304 F.2d 702 (6th Cir. 1962); cf. United States v. Ploeger, 428 F.2d 1204 (6th Cir. 1970); accord Baker v. United States, 393 F.2d 604 (9th Cir. 1968), cert. denied, 393 U.S. 836, 89 S.Ct. 110, 21 L.Ed.2d 106; Warden v. United States, 391 F.2d 747 (10th Cir. 1968); McKissick v. United States, 379 F.2d 754 (5th Cir. 1967); Sherman v. United States, 241 F.2d 329 (9th Cir. 1957), cert. denied, 354 U.S. 911, 77 S.Ct. 1299, 1 L.Ed.2d 1429; United States v. Vrilium Products Company, 185 F.2d 3 (7th Cir. 1950), cert. denied, 340 U.S. 947, 71 S.Ct. 531, 95 L.Ed. 683; Adams v. United States, 128 F.2d 820 (5th Cir. 1942), cert. denied, 317 U.S. 632, 63 S.Ct. 61, 87 L.Ed. 510; Spevak v. United States, 158 F.2d 594, 597 (4th Cir. 1946), cert. denied, 330 U.S. 821, 67 S.Ct. 771, 91 L.Ed. 1272.

I read the majority opinion as a distinct departure from these cited precedents. A short period of time to prepare for trial is not inherently prejudicial and a denial of constitutional due process. There should be a showing that the granting of a motion for continuance would have made relevant witnesses available or have added something to ap-

pellant's defense. United States v. Moore, *supra*; United States v. Sisk, *supra*; United States v. Decker, *supra*. No such showing has been made in this case. And, although in passing on a motion for continuance, the trial judge must look particularly to the reasons presented to him at the time the motion is made, Ungar v. Sarafite, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964), the evidence and the record in this case do not disclose any specific prejudice sustained by appellants from the denial of their motions and are devoid of any showing or even claim of ineffective assistance of counsel.

I would not abandon the present standard requiring a showing of specific prejudice before charging a trial judge with an abuse of discretion in denying a motion for continuance and substitute an inflexible rule of law that "prejudice is inherent" if the appellate court decides, without more, that a certain period of time was not allowed for trial preparation.

I would affirm the judgments of conviction.