**Enrique Bustillo ANDRADE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43922.**

Court of Criminal Appeals of Texas.

June 16, 1971.

Rehearing Denied Sept. 16, 1971.

Biery, Biery, Davis & Myers by Bobby D. Myers, San Antonio (Court appointed on appeal), for appellant.

Ted Butler, Dist. Atty., John J. Quinlan, III and Lucien B. Campbell, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the possession of heroin. The punishment was assessed by the court on a plea of guilty at fifteen years.

In his first two grounds of error, appellant complains that the trial court denied him the effective assistance of counsel by denying his motion for continuance to allow him to find retained counsel of his own choosing.

Appellant was indicted on August 20, 1969, but was not arrested until March 30, 1970. Counsel was appointed to represent him on May 5, 1970. On May 28, 1970, a hearing was held on appellant's motion to quash the search warrant and indictment, both of which were overruled. The case then came on for trial on June 1, 1970, and the jury selection was started. At this time appellant made a motion to postpone the trial and have another attorney represent him. The motion stated that appellant was not satisfied with appointed counsel and that if another attorney was appointed he would need additional time to prepare for the trial. He requested the withdrawal of appointed counsel and a one-month postponement.

In support of this motion appellant informed the court that he wished to employ counsel of his own choosing and needed time in which to do this. The court overruled the motion based on the facts that appellant had been in custody for two months without taking any steps to employ counsel and that appellant had filed a pauper's oath at the time counsel had been appointed. The court further stated that appellant was merely attempting to delay the trial.

Thereafter, the jury selection continued. The following day the appellant filed a motion to allow him to proceed with counsel of his own choice. The appellant alleged that he was being forced to trial with unwanted legal representation which had been appointed at a time when he was indigent but that subsequent to that appointment he had been in contact with another attorney who was considering the case. It further stated that appellant's appointed counsel had not adequately represented him and prayed that appointed counsel be allowed to withdraw and that he be allowed to obtain the assistance of retained counsel. This motion did not request a continuance but was solely a request to allow retained counsel to appear in the cause.

To this motion the court answered:

"The court will allow the defendant the right to hire any attorney he wishes to assist in this trial, but the trial will not be delayed for this reason. If there is any attorney of the defendant's own choice that he or his family can make arrangements with, that attorney will be permitted to participate in the trial."

Appellant contends that the trial judge abused his discretion in refusing to grant appellant a continuance to employ counsel of his own choosing. In support of his contention appellant cites the cases of United States v. Mitchell, 2 Cir., 354 F.2d 767, and United States v. Johnston, 6 Cir., 318 F.2d 288.

In the Mitchell case, decided by the Second Circuit, the defendant was indicted on May 20, 1965, for violation of the draft law. Preliminary motions were argued and denied on September 7, 1965, and the case was set for trial on September 8, 1965. At that time the defendant informed the trial judge that he wanted to dismiss his retained counsel and that he was attempting to find other counsel to represent him. The case was then postponed until September 13, 1965, at which time new counsel was to be ready for trial. In holding that the trial court abused its discretion in failing to allow more time to prepare, the Second Circuit made clear that its holding went only to the record which was before it. This was based on the complex issues which were involved in presenting defendant's case and upon the fact that appellant's position was publicly unpopular and that, therefore, it was difficult for him to find an attorney who was sympathetic to his position.

United States v. Mitchell, therefore, is distinguishable from the case at bar. First, the counsel was at all times retained. Secondly, the court specifically limited its decision to the facts of that case, that is, the complex issues involved and the unpopularity of the defendant's position. Lastly, the Second Circuit found that there was no indication that the defendant was acting in bad faith or was merely seeking to delay the proceedings. In the case at bar, even though there is no evidence offered that appellant was seeking to delay the cause or was acting in bad faith, the fact that he waited until the time of trial to make his motions and to seek retained counsel fails to show diligence and good faith.[1]

United States v. Johnston, supra, is also distinguishable. In that case Balk, one of the defendants, had retained counsel from the time of his indictment until the case came for trial. Immediately prior to trial his retained counsel notified him that because of a conflict in his schedule he would be unable to handle the trial on the date which it was set, but that retained counsel's associate would be there to represent him. Balk at that time expressed to the court his lack of confidence in the associate and asked to be given time to find other counsel in whom he could have personal confidence. The court allowed him three days in which to find other counsel.

1. If such procedure is permitted, an accused, instead of the trial court, could effectively control the docket and could postpone a trial indefinitely.

In reversing Balk's conviction, the Sixth Circuit held that three days was insufficient time to give to the defendant to find counsel. The court noted that the prosecution had been pending for over two years and that a slightly longer delay would not have prejudiced the government's case, especially in light of its lack of diligence in prosecuting Balk. The reversal was also based on the fact that Balk's need to find other counsel was due to no fault of his own or lack of diligence on his part.

Johnston, like Mitchell, is distinguishable from the instant case in that in Johnston, counsel was at all times retained and because of the unusual fact situation presented.

■ We are not bound by the decisions of the Federal cases cited. Pruett v. State, Tex.Cr.App., 463 S.W.2d 191. If we were so bound, still no error would be shown under those cases.

■ In light of appellant's sworn statement that he was too poor to hire counsel and asking for the appointment of counsel, and the fact that he did not assert a desire to seek other counsel until the day set for trial, we do not think that the trial court abused its discretion. Further, the record does not support the contention of appellant that his appointed counsel was inadequate and ineffective.

Appellant's first two grounds of error are overruled.

■ In the third and fourth grounds of error, appellant contends that his plea of guilty and his written waiver and stipulation of testimony were not knowingly, intelligently and voluntarily made.

After the jury selection had been completed, the appellant signed a waiver of trial by jury and entered a plea of guilty. Appellant argues that, based upon the fact that he had been indicted as an habitual offender and faced a possible life sentence if he were found guilty and based further on the fact that the trial court had refused to grant him a continuance, he was forced into pleading guilty and accepting a fifteen year sentence.

There is nothing in the record to support the appellant's contentions. The trial court duly admonished him of the consequences of his plea and ascertained from appellant that he was pleading guilty because he was in fact guilty as charged and that he was not pleading guilty because of any consideration of fear, threats, coercion or any false or delusive hope of pardon which caused him to profess his guilt. All of the necessary requirements were complied with before the court accepted the plea of guilty.

■ In his final ground of error, appellant complains that the record does not contain a transcription of the proceedings held at the hearing on his motion to quash the search warrant.

The record shows that the notes of the court reporter which were taken on the hearing on the motion to quash could not be found. In order to make the record speak the truth, a hearing was held and an order entered which reflects what transpired at the hearing on the motion to quash. No objections to the order were filed and it appears that the provisions of Article 40.09, Section 7, Vernon's Ann.C. C.P., were properly complied with. Further, appellant asserts no matters which show prejudice, nor does he assign any error to the court's ruling on the motion.

■ The appellant's plea of guilty waives any constitutional question relating to search or seizure. Durham v. State, Tex.Cr.App., 466 S.W.2d 758. See McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763, and Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785.

There being no reversible error, the judgment is affirmed.