UNITED STATES of America,
Plaintiff-Appellee,

v.

Wendell BLOUNT, Defendant-
Appellant.

No. 72-2040.

United States Court of Appeals,
Sixth Circuit.

Argued April 2, 1973.

Decided June 8, 1973.

John W. Peck, Circuit Judge, filed concurring opinion.

Frederick Taft, Cleveland, Ohio, for defendant-appellant; James D. London (Court Appointed), Public Defender, Cleveland, Ohio, on brief.

Clarence B. Taylor, Asst. U. S. Atty., for plaintiff-appellee; Frederick M. Coleman, U. S. Atty., Charles A. Caruso, Dept. of Justice, Atty., Office for Drug Abuse Law Enforcement, Cleveland, Ohio, on brief.

Before PECK, McCREE and LIVELY, Circuit Judges.

McCREE, Circuit Judge.

We consider an appeal from a judgment following jury convictions on both counts of a two-count indictment charging illegal distribution of heroin, in violation of 21 U.S.C. § 841(a)(1). Appellant was sentenced to three years imprisonment on each count, to be served consecutively. Five issues are presented on appeal.

■ Two issues attack the sufficiency of the evidence to refute the defense of entrapment. We determine that they are without merit. The record contains ample evidence to support the finding that appellant was not entrapped and it was therefore proper to submit that issue to the jury.

■ A third contention assigns error to the trial judge's failure to give a limiting instruction about testimony of criminal acts not charged in the indictment, offered solely to negative appellant's contention that he had been entrapped. Appellant's counsel did not request a limiting instruction either at the time the evidence was introduced or before the case was submitted to the jury. Since the testimony was relevant to an issue in the case, we find no error in the court's failure to give a limiting instruction *sua sponte.*

■ Appellant's remaining assignments of error have more substance. During the voir dire examination of the prospective jurors, the district court refused appellant's request to ask if they could accept the proposition of law that a defendant is presumed to be innocent, has no burden to establish his innocence, and is clothed throughout the trial with this presumption. Appellant contends that this refusal constituted reversible error. We agree.

Federal Rule of Criminal Procedure 24(a) invests wide discretion in trial judges in determining the questions to be asked of veniremen, and the prevailing rule is that the court's determination about the questions to be put to the jury will not be disturbed without a clear showing of abuse of discretion. 5A Moore's Federal Practice ¶ 47.06 (2d ed. 1967); United States v. Crawford, 444 F.2d 1404 (10th Cir. 1971); United States v. Owens, 415 F.2d 1308 (6th Cir.), cert. denied, 397 U.S. 997, 90 S.Ct. 1138, 25 L.Ed.2d 406 (1969).

■ The primary purpose of the voir dire of jurors is to make possible the empanelling of an impartial jury through questions that permit the intelligent exercise of challenges by counsel. Wright, 2 Federal Practice and Procedure ¶ 382 (1969). It follows, then, that a requested question should be asked if an anticipated response would afford the basis for a challenge for cause. *See* e. g., United States v. Carter, 440 F.2d 1132 (6th Cir. 1971); Brown v. United States, 119 U.S.App.D. C. 203, 338 F.2d 543 (D.C. Cir. 1964); United States v. Napoleone, 349 F.2d 350 (3d Cir. 1965). Certainly, a challenge for cause would be sustained if a juror expressed his incapacity to accept the proposition that a defendant is presumed to be innocent despite the fact that he has been accused in an indictment or information. It is equally likely that careful counsel would exercise a peremptory challenge if a juror replied that he could accept this proposition of law on an intellectual level but that it troubled him viscerally because folk wisdom teaches that where there is smoke there must be fire. Accordingly, the failure of the trial judge to ask the question upon request was erroneous and since the failure may have resulted in the denial of an impartial jury, the error cannot be dismissed as harmless. *See* Brown v. United States, *supra* (Burger, J.). It matters not that the putting of the question might also, as

appellee contends, have constituted anticipatory argument to precondition the jury. This is an unavoidable consequence of the voir dire jury examination.

The remaining contention concerns the denial of appellant's request for a continuance. At arraignment on June 8, 1972, without benefit of counsel, appellant pled not guilty and assured the district court that he intended to retain his own attorney prior to trial. To prevent delays and ensure a speedy trial, the district court appointed the Cleveland Public Defender's Office to act as defense counsel of record and marked the case for trial on June 19, eleven days later. The Defender's Office was promptly notified that same day, and appellant was told that the court would permit the substitution of counsel once a private attorney was retained. Appellant contends that such a short time to obtain counsel and prepare a defense constituted a violation of due process.

█ The trial judge's concern to expedite the trial is most commendable, but expedition should not be pursued at the cost of the quality of justice. Fundamental to due process is the effective assistance of counsel, Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L. Ed.2d 799 (1963). And a defendant with sufficient means should be afforded the opportunity to employ counsel of his own choice. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L. Ed. 680 (1942); United States v. Balk, 318 F.2d 288 (6th Cir. 1963).

Blount lived in Akron, was incarcerated before trial in Youngstown, and was scheduled to be tried in Cleveland. These cities form the vertices of a scalene triangle, one leg of which is 35 miles long, another 50, and the third 70. Appellant was afforded only 11 days, with two intervening weekends (seven work days), within which to obtain counsel from a jail cell, in a city not his residence. And it does not appear that he had ready access to a telephone and a legal directory. Because of our disposition of the voir dire issue, we find it unnecessary to decide whether the denial of a continuance requires us to follow *Balk, supra,* where we found a denial of Sixth Amendment rights, or United States v. Sisk, 411 F.2d 1192 (6th Cir.), cert. denied, 396 U.S. 1018, 90 S.Ct. 584, 24 L.Ed.2d 509 (1969), where we found no error.

Reversed and remanded for a new trial.

JOHN W. PECK, Circuit Judge (concurring).

While the better practice clearly requires that a trial judge include in a jury voir dire interrogation inquiries designed to determine the prospective jurors' willingness and capacity to extend to the defendant his constitutional presumption of innocence, there is no absolute requirement that he do so. When he does not do so on his own motion, the better practice even more clearly dictates that such an inquiry should be undertaken upon request of defense counsel, but where as here the trial judge asked and received assurance that the prospective jurors would accept the charge of the court on the law as it applied to the evidence, irrespective of their own views concerning such law, and where as here the instructions to the jury contained a full and accurate explanation of presumption of innocence and burden of proof, in my opinion the failure to make the requested inquiry did not constitute a sufficient abuse of discretion to require reversal. However, in my view the refusal of the trial court to grant a continuance under the circumstances related in the majority opinion constituted a further abuse of discretion, and in combination the two refusals sufficiently prejudiced the appellant's rights as to require a vacation of the judgment. I accordingly concur in the result reached in the majority opinion.