758 F.2d 654
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
NOAH A. J. VANCE AND MARCUS AARON DIXON, DEFENDANTS-APPELLANTS.
 NO. 84-5267, 84-5320
 United States Court of Appeals, Sixth Circuit.
 2/11/85
 
 Appeal from the United States District Court for the Western District of Kentucky at Bowling Green
 Before: KENNEDY and CONTIE, Circuit Judges; and HILLMAN, District Judge.*
 PER CURIAM.
 
 
 1
 Defendants Noah Vance and Marcus Dixon appeal their jury convictions for armed bank robbery in violation of 18 U.S.C. Sec. 2113(a), (d). Each defendant raises several issues on appeal.
 
 1. Severance
 
 2
 Vance contends that the District Court abused its discretion in denying Vance's motion for a separate trial. Vance argues that the fact that Dixon testified drew the jury's attention to the fact that Vance did not testify. Vance and Dixon did not present antagonistic defenses, and Dixon's counsel did not comment on Vance's failure to testify. See United States v. Aguiar, 610 F.2d 1296 (5th Cir. 1980), cert. denied, 449 U.S. 827 (1981). The District Court did not abuse its discretion in denying Vance's motion for a separate trial.
 
 2. Final Argument
 
 3
 Vance claims that allowing the prosecution to present final argument first, and then again in rebuttal violates due process by giving the prosecution an unfair advantage. This scheme for final argument logically follows the burden of proof and is mandated by Fed. R. Crim. P. 29.1. The rationale behind the rule is that 'fair and effective administration of justice is best served if the defendant knows the arguments actually made by the prosecution in behalf of conviction before the defendant is faced with the decision whether to reply and what to reply.' Notes of Advisory Committee on Rule 29.1. The procedure followed does not violate fundamental notions of fairness or due process of law.
 
 3. Continuance
 
 4
 Dixon and Vance both argue that the District Court abused its discretion in not granting their motions for continuance because the government did not provide them with discovery until twenty-one days before trial. Defendants have not established that they were prejudiced by the lack of more time between discovery and trial, however. See United States v. Faulkner, 538 F.2d 724 (6th Cir.), cert. denied, 429 U.S. 1023 (1976). Vance argues that he needed more time to locate witnesses for trial. However, he has not shown that 'the granting of a continuance would have made relevant witnesses available.' United States v. Sisk, 411 F.2d 1192, 1194 (6th Cir. 1969), cert. denied, 396 U.S. 1018 (1970). The District Court did not abuse its discretion in denying the motions for continuance.
 
 4. Search of Motel Room
 
 5
 Dixon contends that thirty-six five-dollar bills were improperly admitted into evidence. These consecutively numbered bills had been recorded by the bank and given to the bank robbers as 'bait money.' Dixon contends that the bills were taken during an unlawful search of his motel room. The District Court denied Dixon's motion to suppress.
 
 
 6
 The police conducted a search of Dixon's motel room pursuant to consent to search the room given by defendant Vance. At the suppression hearing, a police officer testified that Vance had told him that the motel room belonged to himself and Dixon and that the articles in the room were his and Dixon's, and that Vance then signed a form granting consent to search the room.
 
 
 7
 Consent to conduct a warrantless search may be given by 'a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected.' United States v. Matlock, 415 U.S. 164, 171 (1974). Common authority rests 'on mutual use of the property by persons generally having joint access or control for most purposes.' 415 U.S. at 171 n.7. The evidence at the suppression hearing and at trial was sufficient to establish that Vance had common authority with Dixon over the motel room. Vance told the police officer that he and Dixon jointly occupied the room, and there was no contradicting evidence. Dixon corroborated Vance's statement during trial when he testified that 'Me and Mr. Vance shared one suitcase,' and that he and Vance generally shared the same motel rooms.
 
 
 8
 Dixon also argues that introduction of the five-dollar bills was improper under Fed. R. Evid. 403. The District Court was well within its discretion in admitting that evidence.
 
 5. Detainer
 
 9
 Before trial Dixon moved to dismiss the case against him on the ground that the Speedy Trial Act was violated in that Dixon never received notice of his right to demand trial. When the indictments in this case were issued, defendants were in custody pending escape and firearms possession charges in the Eastern District of Kentucky. A detainer was filed as dictated by 18 U.S.C. Sec. 3161(j); however, Dixon alleges that the 'person having custody' of him did not advise him of his right to demand trial. He did not demand trial and there was some delay between the disposition the Eastern District charges and his arraignment on the instant charges in the Western District. The record is sketchy as to what efforts were made to obtain the presence of Dixon for trial. Nor does it contain a copy of the detainer which Dixon received. However, assuming that this was a violation of section 3161(j)(1)(B) the Speedy Trial Act provides no sanction. 18 U.S.C. Sec. 3162 provides sanctions for violations of the time limit requirements imposed by the Speedy Trial Act, but does not impose a sanction for a violatin of Sec. 3161(j). Dixon does not allege that the delay was of constitutional proportions.
 
 
 10
 Accordingly, the judgments of the District Court are affirmed.
 
 
 
 *
 Honorable Douglas W. Hillman, United States District Court for the Western District of Michigan, sitting by designation